ELLA M. SPOFFORD & another *vs.* STATE LOAN COMPANY.

Suffolk.   November 29, 1910. — March 1, 1911.

Present : KNOWLTON, C. J., MORTON, HAMMOND, LORING, & SHELDON, JJ.

*Small Loans Act.  Mortgage,* Of personal property.  *Statute,* Construction.  *Release.*

R. L. c. 102, § 51, provides that " a loan of less than one thousand dollars shall be
discharged upon payment or tender by the debtor of the principal sum actu-
ally borrowed and interest at the rate of eighteen per cent per annum from the
time said money was borrowed and a sum not exceeding five dollars for the actual
expenses of making and securing the loan ; but the lender shall be entitled to
interest for six months at said rate if the debt is paid before the expiration of
that period.   All payments in excess of said rate shall be applied to the dis-
charge of the principal, and the borrower shall be obliged to pay or tender only
the balance of the principal and interest, at said rate, due after such applica-
tion."  *Held,* that these provisions do not render it illegal for a lender to ask
for and receive interest on a loan of less than $1,000 at a rate greater than
eighteen per cent.

If one, who had borrowed $405 and had given therefor his note bearing interest at
four per cent per month and a mortgage on his household furniture as security,
is unable to pay the note when it comes due and the lender insists upon foreclos-
ing the mortgage unless the borrower will execute and deliver a new note pay-
able in one month for the amount due on the former note, bearing interest at the
same rate and secured by a new mortgage on the furniture, and also a release
of all demands and particularly of all rights under R. L. c. 102, §§ 51, 52, and
the borrower accedes to the lender's requirements, such release, note and mort-
gage are valid, and although, in a series of such transactions the borrower may

have paid to the lender a sum far in excess of the amount of the original loan plus eighteen per cent interest per year, and there still are outstanding a mortgage and mortgage note for $335 and interest at four per cent per month, the borrower cannot insist under R. L. c. 102, § 51, that all payments made under all the notes in excess of the rate of eighteen per cent per year "shall be applied to the discharge of the principal," since all the mortgages but the last were transactions which were closed by the releases, and therefore the borrower only can insist upon the statute being applied to the last mortgage.

R. L. c. 102, § 51, provides that "a loan of less than one thousand dollars shall be discharged upon payment or tender by the debtor of the principal sum actually borrowed and interest at the rate of eighteen per cent per annum from the time said money was borrowed and a sum not exceeding five dollars for the actual expenses of making and securing the loan ; but the lender shall be entitled to interest for six months at said rate if the debt is paid before the expiration of that period. All payments in excess of said rate shall be applied to the discharge of the principal, and the borrower shall be obliged to pay or tender only the balance of the principal and interest, at said rate, due after such application." *Held*, that the statute was intended for the benefit of the borrower, who may if he chooses relinquish any rights that at any time may have accrued to him under its provisions.

BILL IN EQUITY, filed in the Supreme Judicial Court on January 1, 1910, and subsequently amended, seeking to enjoin the defendant from foreclosing a mortgage upon household furniture of the plaintiffs, and to compel the cancellation of the mortgage or its redemption.

The case was heard by *Loring*, J. It appeared that on July 28, 1903, the plaintiffs borrowed $405 from the defendant, giving as security for the loan a mortgage on their household furniture, the mortgage note being payable in one month and bearing interest at the rate of four per cent a month ; that, during the interval between July 28, 1903, and the commencement of the suit, the plaintiffs had given ten successive mortgage notes secured by mortgages on the furniture to the defendant, each note being for an amount of principal and interest overdue on the previous note, bearing the same rate of interest and being payable in one month, the preceding note in each instance being returned to the plaintiffs and the preceding mortgage discharged when the new note was given, and the plaintiffs in each instance executing and delivering to the defendant a release of all demands, and particularly of all rights under R. L. c. 102, §§ 51, 52. The total amount paid by the plaintiffs to the defendant in the transactions was $877.17.

At the time of the bringing of the suit, there was undis-

charged a mortgage for $335 dated June 7, 1909, securing a note of that date bearing interest at four per cent per month, on which nothing had been paid.

The single justice filed the following memorandum:

" I regret to have to come to the conclusion that I cannot give the plaintiffs the relief in this case for which they ask.  R. L. c. 102, § 51, does not forbid the making of a loan at the rate of forty-eight per cent a year; all that it provides is that a loan for less than $1,000 shall be discharged upon payment or tender of the sum actually borrowed, with interest at the rate of eighteen per cent a year, plus a sum not exceeding $5 for the actual expenses of making and securing the loan; provided, however, that in any event the holder is entitled to interest equal to nine per cent of the sum lent.

" When six months had expired I do not see why the defendant had not a legal right to take the position that the plaintiffs must pay or begin a new transaction.  The advantage to the defendant and the burden on the plaintiffs in case a new transaction was entered upon was that at least nine per cent interest would have to be paid in place of interest at the rate of eighteen per cent a year until the day when payment or tender was made.

" The defendant did take that position.  In taking that position the defendant was insisting on his legal rights.  He was not making a representation. . . . No false representation or other fraud was committed by him.  A new loan was made, the old loan was paid with the proceeds of the new loan, and the plaintiffs released the defendant from all rights up to date of the release.

" There is no evidence on which I can find that the release was void or obtained by fraud.

" The defendant, in effect, insisted that the plaintiffs should stand to him where they would have stood to a third person had the plaintiffs procured a new loan from a third person on the same terms and used the proceeds in paying off his mortgage. He had papers drawn to carry that into effect, they were executed, and that is the end of the plaintiffs' case.

" It is plain that in spite of R. L. c. 102, § 51, usurers can still extort unconscionable sums from necessitous borrowers of

money.   But the relief must come from the Legislature, if any relief in such cases is to be given.   The court must enforce the legal contract entered into by the parties.

"But the plaintiffs are entitled to redeem the last mortgage for $335 given on June 7, 1909, on payment of that sum with interest from June 7, 1909, at the rate of eighteen per cent per year, plus $2, the actual expense of making and securing the loan."

A decree was entered accordingly ; and the plaintiffs appealed.

*C. S. Ward*, for the plaintiffs.

*A. K. Cohen*, for the defendant.

MORTON, J.   This is apparently a case of hardship for the plaintiffs.   We say apparently because it is possible that the situation in which the plaintiffs find themselves may be due to their own extravagance or imprudence.

The plaintiffs contend that the releases which were given by them before the giving of the mortgage now in question were null and void ; and the defendant conceded at the hearing before the single justice that if they were, then the excess which it had received over and above the statutory rate of eighteen per cent entitled the plaintiffs to a discharge of the mortgage.   The single justice found that the releases had not been obtained by fraud, and ruled in effect that they were valid and binding on the plaintiffs.   A decree was thereupon entered, after the plaintiffs had amended their bill, allowing them to redeem the outstanding mortgage upon paying the principal sum of $335 secured by the mortgage, with interest at the rate of eighteen per cent to the date of payment.   The plaintiffs appealed.   We think that the ruling and finding were right.

The amount borrowed and for which the original mortgage was given was $405.   There is nothing in the statute (R. L. c. 102, § 51) which renders it illegal for the lender to ask for and receive more than eighteen per cent interest when the amount borrowed is less than $1,000.   As the single justice said (we quote from his memorandum of decision which is printed with the papers in the case): "R. L. c. 102, § 51, does not forbid the making of a loan at the rate of forty-eight per cent a year; all that it provides is that a loan for less than $1,000 shall be discharged upon payment or tender of the sum actually

borrowed, with interest at the rate of eighteen per cent a year, plus a sum not exceeding $5 for the actual expenses of making and securing the loan ; provided, however, that in any event the holder is entitled to interest equal to nine per cent of the sum lent." At the expiration of every six months, when the sum secured by the mortgage fell due, the defendant had a right to demand payment, and, if the sum due was not paid, to foreclose the mortgage. If the plaintiffs could not pay or did not want to pay the amount due, or make a tender as provided by the statute, the parties could agree, upon such terms as they saw fit, to a renewal of the mortgage and a discharge of the old one and a release of any and all claims which the plaintiffs might have against the defendant under the statute or otherwise. There was nothing unlawful in such an arrangement whatever the rate of interest agreed upon might be. The statute being intended for the benefit of the borrower, the plaintiffs if they chose could relinquish any rights that had accrued to them under it. *Wall* v. *Metropolitan Stock Exchange*, 168 Mass. 282. It is possible, of course, that the Legislature has left open a door which they meant to shut, but if so, it is for them and not for us to close it.

There is nothing to show that any fraud or misrepresentation was practised upon the plaintiffs by the defendant, or that there was any suppression intentional or otherwise of information which should have been communicated by the defendant to the plaintiffs.

*Decree affirmed.*