SHAWMUT COMMERCIAL PAPER COMPANY *vs.* PERCY H. BRIGHAM & another.

Suffolk.   January 8, 1912. — February 27, 1912.

Present: RUGG, C. J., MORTON, HAMMOND, SHELDON, & DECOURCY, JJ.

*Statute,* Construction, Amendment, Revision.  *Small Loans Act.  Bills and Notes. Waiver.*

The provisions of R. L. c. 102, § 51, relating to the discharge of a loan of less than $1,000 by the payment or tender of the principal actually borrowed, interest at the rate of eighteen per cent per annum and not more than $5 for actual expenses of making and securing the loan, being a recodification of previous legislation beginning with St. 1888, c. 388, which referred to "all loans" irrespective of whether they were secured by mortgages or pledges of personal property, apply to all loans, whether secured or unsecured, as did the statutes which are therein codified, although the section stands under a subtitle reading "Loans or Pledges on Personal Property."

In a statute which is a codification or revision of previous legislation, titles or headings prefixed to subdivisions of a chapter can have no effect to change the meaning of the statutes included in the codification or revision unless such change plainly was intended by the Legislature.

In return for a loan of $450, the borrower gave the lender an unsecured promissory note for $550 due in four months.  Nearly nine months thereafter, the lender having brought an action for a balance due on the note, the borrower settled the action by paying the lender $160.50 and giving a new note for $450 due in two months, the $160.50 representing $100 paid to reduce the principal of the former note, $15.50 as estimated costs, and $45 as advance interest upon the new note.   Upon the maturity of the second note the lender brought an action upon it and the borrower contended that under the provisions of R. L. c. 102, § 51, the lender could recover only the balance still due of the amount of money actually lent in the original transaction with interest at eighteen per cent per annum and $5 for the expense of making and securing the loan.   *Held,* that the borrower had failed to take advantage of the right given to him by the statute to discharge his indebtedness in the manner there provided, and therefore that the lender might recover the full amount of the second note with interest from the date of the writ.

CONTRACT against Percy H. Brigham as maker and Owen Goldsmith as indorser of a negotiable promissory note for $450. Writ dated May 31, 1910.

In the Superior Court the case was tried before *Sanderson,* J. It appeared that on July 24, 1909, the defendants gave to the plaintiff a note signed and indorsed like the note in suit for $550

payable in four months, and that the actual money lent thereon was $450.   On April 8, 1910, an action was brought by the plaintiff for a balance remaining due on that note.   On April 14, 1910, the defendants paid the plaintiff $160.50 and gave it the note in suit which was dated March 24, 1910, and was payable in two months from that date.   The plaintiff thereupon surrendered the former note and dismissed the action it had brought thereon.   Of the $160.50 paid in cash, $100 was to reduce the principal of the former note, $15.50 was to pay estimated costs in the suit brought thereon, and $45 was to pay interest on the new note for the two months that it was to run.

At the close of the evidence the defendants asked the presiding judge to rule in substance that the note in suit was a renewal of the former note, and that "at the date of the writ there was due and payable to the plaintiff no more than the original sum actually borrowed, with interest at the rate of eighteen per cent per annum from the time said sum was borrowed . . . until the date of the writ, . . . and a sum not exceeding $5 for the actual expenses of making the loan; but there shall be subtracted from the principal at the date of each payment the sums in excess of such interest paid from time to time."   The rulings were refused.

In answer to a question by the judge, the jury found that the note in suit was given as a part of the consideration for the settlement of the action brought by the plaintiff on the former note. Thereupon the judge ordered a verdict for the plaintiff for the amount of $450 with interest from the date of the writ; and the defendants alleged exceptions.

Other facts are stated in the opinion.

*E. I. Smith,* for the defendants.

*E. M. Schwarzenberg,* for the plaintiff.

SHELDON, J.   We cannot accept the plaintiff's contention that the provisions of R. L. c. 102, § 51, apply only to loans secured by mortgage or pledge of personal property.   That section is a codification of prior legislation, which began in St. 1888, c. 388.   That act by its terms covered "all loans" thereafter contracted "for less than one thousand dollars," and must of course be applied to all loans whether unsecured or secured in any manner whatever.   St. 1890, c. 416, § 6, recognized St. 1888, c. 388, as still in force.   By St. 1892, c. 428, § 1, the statute of 1888 was re-

enacted, with a reduction in the fee which lenders were allowed to charge for making papers. Other sections of the act of 1892 provided for the case of such loans secured by mortgage or pledge of personal property. But the first section of this later act was still left to apply to all loans, secured or unsecured. This was the manifest intention of the Legislature. And the same construction must of course be given to the statute as codified in the Revised Laws, in spite of the title prefixed to § 47 of c. 102. The construction of a statute is not to be affected by verbal changes in a revision, unless that was plainly intended by the Legislature. *Great Barrington* v. *Gibbons,* 199 Mass. 527, 529. Much less can titles or headings prefixed to subdivisions of a chapter in a codification have such an effect.

It follows that while the original note given by the defendants to the plaintiff remained unpaid, they might have paid or tendered to their creditor the amount of the actual loan made to them, with interest at the rate of eighteen per cent a year and the additional sum of $5, after applying in reduction of the principal sum all payments which they had made in excess of that rate of interest. This would fully have discharged their indebtedness. But it was their personal privilege, to be availed of only at their election; their note was not an unlawful contract, nor was it invalid. *Spofford* v. *State Loan Co.* 208 Mass. 84. *Reed* v. *Boston Loan Co.* 160 Mass. 237. They did not exercise their statutory right, and the plaintiff sued them upon the note. They still might have discharged their indebtedness by making the same payment or tender (R. L. c. 102, § 51), with what legal costs had accrued, but they failed to do so. Instead thereof, as the jury have found and were warranted in finding, they chose to settle the action by paying a certain sum of money and giving the note now sued on. The making of such a payment or tender was a condition precedent to the discharge of their liability under the statute. Without that, they remained liable upon their note, and it was right to order a verdict for the plaintiff.

But there was evidence that the money which they paid to the plaintiff when the former suit was settled and the present note was given included, besides what was demanded for the settlement of that suit, the sum of $45 for interest paid in advance upon the new note, that is, of course, until the note should become due. If so,

the amount actually lent upon this note was only $450, and the defendants might have discharged their indebtedness by the payment or tender of this sum with the interest and expenses prescribed by the statute. But they did not choose to do this, and so cannot now complain of having been held to their bargain. As the verdict included only interest at the rate of six per cent from the date of the writ, they have not been subjected to the burden of any double interest.

*Judgment on the verdict.*