## JULIUS A. KOLTIN *vs.* GEORGE H. BROWN.

Suffolk.    March 7, 1919. — April 17, 1919.

Present: RUGG, C. J., DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Small Loans Act.    Bills and Notes,* Consideration, Payment.    *Waiver.*

Where one, who was not engaged in the business of making small loans, lent a sum of money less than $1,000 to a corporation and received therefor a note of the corporation, payable in two months and indorsed by one B and another, which was renewed five times by the giving of a new note with the same indorsements for the balance then due and the payment of interest in advance on each renewal note at the rate of three per cent per month; and where there were five further renewals of respective balances due upon the loan by notes of B only, to which neither the corporation nor the other indorser was a party, payments in advance of interest at three per cent per month being made at each renewal, the giving of the renewal notes from time to time did not constitute new loans under the provision of § 51 of the small loans act, R. L. c. 102; and the payments on account of principal and interest must be treated as payments on account of the original loan and not as independent transactions.

Where, in an action on the last note given as above described, it appeared that, previous to the giving of the note, the sum of all payments on account of principal and of the respective payments of interest in excess of eighteen per cent per annum was sufficient fully to pay the original loan, the provisions of § 51 of the act applied, and it was *held* that, when the note in suit was given, the debt already had been discharged, so that the note was without consideration and judgment must be entered for the defendant.

The circumstance that B was not the maker of the first six notes was not material, since as indorser he was liable thereon, and was liable as maker upon the later notes.

There was nothing in the circumstances above described which would warrant a finding that B had waived his right under the statute by the executing and delivering of the last note, because at the time he did so there was no debt in existence.

It also was *held* to be immaterial that the payments which amounted to a sufficient sum to discharge the original loan had been made by different persons liable for the amount borrowed.

CONTRACT upon a promissory note for $150.    Writ in the Municipal Court of the City of Boston dated January 4, 1918.

The facts which appeared at the trial in the Municipal Court, and also the questions of law there raised, are described in the

opinion. The trial judge found for the defendant and, at the request of the plaintiff, reported the case to the Appellate Division. The Appellate Division ordered judgment to be entered for the plaintiff. The defendant appealed.

Section 51 of R. L. c. 102, known as the small loans act, is as follows:

"A loan of less than one thousand dollars shall be discharged upon payment or tender by the debtor of the principal sum actually borrowed and interest at the rate of eighteen per cent per annum from the time said money was borrowed and a sum not exceeding five dollars for the actual expenses of making and securing the loan; but the lender shall be entitled to interest for six months at said rate if the debt is paid before the expiration of that period. All payments in excess of said rate shall be applied to the discharge of the principal, and the borrower shall be obliged to pay or tender only the balance of the principal and interest, at said rate, due after such application."

*W. R. Scarritt, Jr.*, for the defendant.

*H. C. Dunbar*, for the plaintiff.

CROSBY, J. This is an action on a promissory note made by the defendant and delivered to one Rubenstein, who transferred it to the plaintiff after maturity. The defence is want of consideration.

The history of the transaction between the parties so far as material to the determination of the issue involved is as follows: On March 1, 1915, a corporation known as the Dinsmore Power Process Company borrowed $590 from Rubenstein and gave to him its promissory note for that amount payable to his order in two months. The note was indorsed by the defendant and also by one Mintz. This note was renewed five times and a new note was given upon each renewal for the balance then due; the interest on the new note was paid in advance by the maker at the rate of three per cent a month, and the old note was delivered up to the maker for cancellation. On all the notes above referred to the defendant and Mintz were indorsers.

On March 6, 1916, a note was given to Rubenstein for the amount then due. The defendant Brown was the maker of this note, but it was not indorsed by Mintz nor was the Dinsmore Power Process Company a party to it. There were five renewals

of this note so given by the defendant, of which the one in suit is the last. At the time of each of these renewals the old note was delivered up and a new note given for the amount then due. Payments were made from time to time upon the principal of the loan, and at the time of each renewal the interest on the new note was paid in advance. The entire amount of the interest payments upon the twelve notes so given amounted to $286.80; and the entire amount of the payments on account of principal amounted to $440. It was agreed before the trial judge that "the sum of that portion of the respective interest payments (except the last payment of $9 on the note in suit, which it is contended by the plaintiff is within the statutory minimum) in excess of 18 per cent per annum upon the amount and for the period for which each interest payment was made is sufficient if it should be applied to the note in suit to fully pay the same." As it is admitted by the plaintiff that the total payments made upon the loan by all the different parties liable on the notes were in excess of the amount required by R. L. c. 102, § 51, to discharge the loan, it is the contention of the defendant that the loan was fully discharged before the note in question was given and that it was without consideration; and having been acquired by the plaintiff after maturity, the defendant is not liable thereon. It is the contention of the plaintiff that the statute is not applicable to the case at bar.

While the questions presented have not been previously considered by this court, we are of opinion that it was the intention of the Legislature as expressed in the statute to make it applicable to loans of this kind. Under the statute, the giving of the notes from time to time for the amount then due did not constitute in each instance a new loan. The payments on account of principal and interest are to be treated as payments on account of the original loan, and not as separate and independent transactions. All the payments were made on account of the original sum borrowed; and, as the loan was for less than $1,000, and there has been paid on account thereof a sum exceeding the amount actually borrowed and a sum equal to $5 for the actual expenses of making and securing the loan, it follows that when the note in suit was given the debt had been discharged; and as the note is without consideration no legal liability is imposed upon the de-

fendant. The circumstance that the defendant was not the maker of the first six notes cannot affect the conclusion reached; as an indorser of these notes he was liable thereon, and as to all subsequent notes except the last he was primarily liable as maker.

It could not properly be found that there was a waiver by the borrower of any rights given by the statute. Undoubtedly the borrower could waive his rights if he saw fit to do so, as the statute was intended for his benefit. *Reed* v. *Boston Loan Co.* 160 Mass. 237. *Shawmut Commercial Paper Co.* v. *Brigham,* 211 Mass. 72. In *Spofford* v. *State Loan Co.* 208 Mass. 84, it was held that where a borrower executed to the lender a release of all his rights under the statute, he was bound thereby. That case is not an authority in favor of the plaintiff. *Shawmut Commercial Paper Co.* v. *Brigham, supra,* does not support the plaintiff's contention. In that case the borrower had not paid or tendered the full amount of the loan, and therefore could not take advantage of the statute. In the present case the note had been paid in full under the statute before the last note was given.

It being admitted that the lender has received payments sufficient to discharge the loan under the statute, it is immaterial that such payments have been made by different persons liable for the amount borrowed.

It follows that the order of the Appellate Division, that judgment be entered for the plaintiff for the amount therein stated with interest, must be reversed and judgment entered for the defendant.

*So ordered.*