Nos. 124302, 126936, 126935      Municipal      Suffolk, ss.

GOODMAN FINANCE CO                    (J. Friedberg)
v. DEVINE, FITZPATRICK AND PARSONS
                    (J. P. McNamara and J. F. Fitzpatrick)

From the Municipal Court of Boston—Tomasello, J.
Argued Oct. 27, 1941—Opinion filed April 7, 1942

TOMASELLO, J. (Putnam, C.J., and Riley, J.)—These are separate actions in contract against three co-makers, tried together on identical declarations.

The evidence tended to show that the defendants Fitz-

patrick and Parsons became co-makers on a note with the defendant Devine, who, on December 5, 1936, borrowed of the plaintiff, the sum of $301.00 and gave the first of two promissory notes therefor in the sum of $400.00 inclusive of interest, signed by these three co-makers, payable at the rate of $6.00 per week until paid; that following the making of this first loan there was paid on account of the note the sum of $214.20 to November 22, 1937, on which date the plaintiff held this first note and upon which, according to the face thereof, there was unpaid the sum of $185.80.

On this latter date the said Devine requested a renewal of the outstanding loan and a further loan of money from the plaintiff, and on that day the note in the sum of $388.00, upon which this action was brought, was prepared by the plaintiff and submitted to the defendant Devine and was signed by the same three co-makers, and given to the plaintiff. The plaintiff's representative, in his office, gave the said Devine a check in the sum of $301.00 payable to the order of the defendant Devine. The check was endorsed by Devine at the bank and presented by him for payment at the cashier's window in the presence of the plaintiff's representative. Devine received $114.80 and the balance of the proceeds of the check of $186.20 was taken by the plaintiff's representative and later, on the same day, the first note was delivered by the plaintiff to Devine. This second note provided for the payment of it at the rate of $6.00 per week and, for a period of approximately two years following November 22, 1937, there was paid by Devine thirty-eight payments totaling the sum of $295.

At the trial, the parties agreed "that if the two notes were to be considered as belonging to one account upon which interest is to be computed on unpaid balances, the borrower has paid in excess of the amount provided for according to Acts of 1934, Chapter 179, and that there is no further monies due; but if the second note is to be considered as representing a loan separate and distinct from the loan represented by the first note, and not a renewal for any balance due on first note or extension of time for payment of balance due on said first note, then according to said statute the borrower having paid $295.00 after the delivery of said second note is obligated to the plaintiff in the sum of $56.49."

Following a finding for the defendants in all three cases the plaintiff filed separate motions contending that the general finding for the defendant was inconsistent with the rulings of the Court, upon the requests filed, and moved the Court to correct the general finding, and to make a finding consistent with its rulings. The trial judge denied thes motions.

In view of what has been written above it only remained for the trial judge to rule as a matter of law whether or not the transactions constitute a separate and distinct transaction.

This the trial judge found not to be a separate and distinct transaction by the denial of plaintiff's request number 3.

The requests for rulings presented upon the motions for correction were properly acted upon by the trial judge, as it does not appear from the record that the general finding was in any way inconsistent with the rulings made at the time of trial.

Without deciding the effect of renewal loans otherwise given, by virtue of the provisions of Mass. Gen. Laws, Chapter 140, section 90, as amended, concerning loans therein described and intended for the benefit of the borrower. *Reed* v. *Boston Loan Co.,* 160 Mass. 237, the giving of renewal notes from time to time does not constitute new loans, and payments on account of principal and interest must be treated as payments on account of the original loan and not independent transactions. *Koltin* v. *Brown,* 233 Mass. 16.

The case of *Spofford* v. *State Loan Co.,* 208 Mass. 84, is not authority in favor of the lender since in that case the note first given had not been paid in full under the statute before the last note was given. *Koltin* v. *Brown, supra,* at page 18; *Shawmut Commercial Paper Co.* v. *Brigham,* 211 Mass. 72.

This opinion is decisive of and applicable to all three actions.

Order is:

<em>Report dismissed.</em>