Riley, J.
This action of contract seeks the recovery of the sum of $419.00, alleged to be the balance due on a promissory note dated October 29, 1943, in the sum of $540.00', payable to the order Walter H. -Skinner, -signed and delivered by Alice C. Kapples. The defendant’s answer thereto consists of a general denial, payment, and specially avers that the plaintiff was engaged in the business of making small loans without being licensed so to do, according to the pro-visions of chap. 140 of the General Laws of Massachusetts ; and that the loan here in question was a small loan wijthin- the meaning of section 96 of chapter 140 of the General Laws.
At the- trial the note sued upon was introduced in evidence and its due- execution and -delivery was admitted by the defendant. There was evidence tending to show that *59 the plaintiff had for forty years- been in the business- of making loans, but had never been licensed to make small loans; that -the -defendant had borrowed money from the plaintiff since the year 1940 and had given him five or six •notes during that time; that at the time she gave him the note sued upon, she owed him $279.00’ on -a, prior note; that the: first note executed by the defendant was dated June 1940 and in the amount of $410.00 at which time .she r eceived from the plaintiff cash in the -sum of $301.00; that the second note was dated August 1941 and in the amount of $544.00 at which time she received a cancellation of her indebtedness on the first note and also some cash, (hut neither the amount of the indebtedness nor the amount of cash so received appears in evidence); that the third note was dated July 1942, and- in the amount of $370.00 at which time she received a cancellation of her indebtedness on the second note and also some cash, (but neither the amount of the indebtedness nor the amount of cash so received appears in evidence); that the f ourth note was dated July 7,1942 and in the amount of $514.00, but the evidence contained in the report fails to disclose the amount of any indebtedness cancelled, or the amount of -any cash received; and, finally that the note now .sued- upon (-apparently the fifth note) was dated October 29, 1943 ¡and in the amount of $540.00, at which time she, the defendant, received a cancellation of her indebtedness on the fourth note in the amount of $279.00 and cash in the amount of $110.00.
The trial judge made special findings of fact and found generally for the plaintiff in the sum of $371.64.
At the proper time -the defendant filed certain requests-for rulings of law which the trial judge- denied and by which denial she claims to be aggrieved. The several requests point to a single question of law and contain the defendant’s contention, to wit: that the transactions re *60 cited in the evidence were .separate leans, and that the amount of actual money passing from the lender. to' the borrower on the execution of each note', except the first, being amounts less than $300:00, constitute separate loans, and small loans within the meaning of Gen. Laws, Chap. 140, .sec. 96, coupled with the admitted fact that the plaintiff wias not and never has been licensed to' make such loans. Whether or not the transactions recited in the evidence constitute a single loan is decisive of the question of law herein presented.
The trial judge properly ruled that the transaction was a single loan consisting of several renewal notes, .and not separate loans. We .believe that the statutory words, “the amount retained by the borrower” means the unpaid balance of the surrendered note still retained by 'the borrower, plus the amount of the new money received substantially contemporaneously with the execution of the renewal' note, and does not mean simply the amount of money passing from the lender to the borrower. The legislature deliberately employed the word “retained” and with equal deliberation avoided employing the word “received.” The two words are not synonymous.
We are of opinion that the1 giving of notes from time to time for the amount then due, in the absence of evidence tending to show whether or not the original amount of money loaned was ever repaid, do not constitute in each instance a new loan. Koltin v. Brown, 233 Mass. 16 at 18.
Accordingly: Report dismissed.