SHAWMUT COMMERICAL PAPER COMPANY *vs.* HARRY H. HARTUNG & another.

Suffolk.    January 19, 1914. — February 27, 1914.

Present: RUGG, C. J., LORING, SHELDON, DE COURCY, & CROSBY, JJ.

*Small Loans Act. Usury. Contract,* Validity. *Bills and Notes. Interest.*

A promissory note for $400 given for a loan of that amount, from which the lender deducted $70 for making the loan, paying to the borrower $330 upon his delivery of the note, is not invalid under the small loans act contained in R. L. c. 102, § 51, or under any statute now in force in this Commonwealth.

*Whether* by the reference to R. L. c. 73, § 3, in R. L. c. 102, § 51, an oral agreement for the payment of interest is limited to the rate of six per cent per annum, here was referred to as a question not open upon the record.

CONTRACT on a promissory note for $400 signed by the defendant Hartung as maker, made payable to himself, and signed by him and the defendant Naphen as indorsers. Writ in the Municipal Court of the City of Boston dated May 8, 1913.

In the Municipal Court the case was submitted to *Murray,* J., upon an agreed statement of facts as follows: The note was delivered by the defendants to North and Wellman, note brokers, as agents for the defendants, to negotiate a loan of money. North and Wellman, as the defendants' agents, placed the note with the plaintiff, who lent the defendants the sum of $400 and at the same time deducted therefrom the sum of $70 for making the loan, paying to the defendants through their said agents the sum of $330.

---

The plaintiff knew or believed that North and Wellman were acting as the agents of the defendants. North and Wellman were not purchasers of the note, and did not indorse it.

The defendants asked the judge to make the following rulings:

"1. Upon all the evidence the plaintiff cannot recover.

"2. Upon the evidence the note is usurious and the plaintiff cannot recover.

"3. If the court finds that the note was given in its form for the purpose of concealing the amount loaned and the amount charged as interest, then it is a corrupt agreement to avoid the provision of law and void.

"4. The law allowing such a loan to be discharged upon payment of interest at eighteen per cent per annum renders said rate the legal rate on loans under $1,000 and over $300 and any rate in excess is usurious and renders the note void.

"5. If the court finds that the defendant Hartung made the note to his own order and employed North and Wellman as his agents to sell the same for him for less than its face, then the transaction is usurious and void."

Upon the third ruling requested the judge found that the supposed finding on which it was based was not a fact. He refused to make any of the rulings requested and found for the plaintiff in the sum claimed in the declaration. At the request of the defendants the judge reported the case to the Appellate Division.

The Appellate Division made an order that the report be dismissed; and the defendants appealed.

The case was submitted on briefs.

*L. Marks & C. S. Hill*, for the defendants.

*E. M. Schwarzenberg*, for the plaintiff.

DE COURCY, J. The questions of law raised here were decided adversely to the contentions of the defendants in *Shawmut Commercial Paper Co.* v. *Brigham*, 211 Mass. 72 and the cases therein cited. The defendants might have discharged their indebtedness by the payment or tender of the sum actually borrowed, with interest and expenses as prescribed by the statute. R. L. c. 102, § 51. Whether it was intended by the reference in that statute to R. L. c. 73, § 3, to limit to six per cent per annum the interest to be paid or tendered, where, as here, the agreement to pay it is not in writing, is not open on the facts.

The case of *Sylvester* v. *Swan,* 5 Allen, 134, cited by the defendants, was decided under the provisions of Gen. Sts. c. 53, §§ 3, 4, 5. Those sections were expressly repealed by St. 1867, c. 56, § 3. As was stated in the memorandum of the single justice in *Spofford* v. *State Loan Co.* 208 Mass. 84, "It is plain that in spite of R. L. c. 102, § 51, usurers can still extort unconscionable sums from necessitous borrowers of money. But the relief must come from the Legislature, if any relief in such cases is to be given. The court must enforce the legal contract entered into by the parties."

*Order dismissing report affirmed.*