DAVID LEVIN *vs.* GEORGE C. WALL.

Suffolk.    November 10, 1933. — April 29, 1935.

Present: RUGG, C.J., CROSBY, FIELD, DONAHUE, & LUMMUS, JJ.

*Small Loans.   Tender.   Statute,* Construction.   *Words,* "Tender."

G. L. (Ter. Ed.) c. 140, § 90, was enacted for the benefit of borrowers
     of less than $1,000, and such benefit may be waived by them by their
     failing to avail themselves thereof in the manner provided by the
     statute.
The word "tender" had "acquired a peculiar and appropriate meaning
     in law" at the time G. L. (Ter. Ed.) c. 140, § 90, was originally en-
     acted and therefore, in the construction of that statute, must be
     given such meaning by reason of G. L. (Ter. Ed.) c. 4, § 6, Third.
The provisions of G. L. (Ter. Ed.) c. 232, § 12, applied to tenders made
     under G. L. (Ter. Ed.) c. 140, § 90, by borrowers of sums less than
     $1,000, so that such a tender was ineffective where it was not made
     until after the fourth day before the return day of the writ in an action
     by the lender against the borrower.

CONTRACT.   Writ in the Municipal Court of the City
of Boston dated July 20, 1932.

The action was heard in the Municipal Court by *Adlow,*
J., who found for the plaintiff in the sum of $153 and in-
terest.   A report to the Appellate Division was ordered
dismissed.   The defendant appealed.   Material facts are
stated in the opinion.

*W. D. Donaghy,* for the defendant.

*S. Miller,* for the plaintiff.

DONAHUE, J.   This case was tried in the Municipal Court
of the City of Boston on an agreed statement of facts,
the substance of which is here set forth.   The plaintiff's
declaration is based on the last four of a series of eleven
promissory notes totalling $455 given by the defendant to
the plaintiff in consideration of a loan of $305.   The four
notes were due at the time the action was begun.   The
defendant after the return day of the writ, that is, on the
day of the trial, made a tender to the plaintiff of the bal-
ance due on the principal sum borrowed, with interest at

the rate of eighteen per cent per annum from the time the money was borrowed, the sum of $5 for the expenses of making and securing the loan, and such costs as the plaintiff might recover in his action, the total sum thus offered being $65. The plaintiff refused to accept it and a similar tender, made on the same day at the trial, was refused.

At the close of the trial the defendant filed the following requests for rulings: "(1) The tender referred to in G. L. c. 140, § 90, may be made after the return day of an action brought by the lender to recover from the borrower the balance claimed due on the loan. (2) The defendant . . . has made such a tender as complies with G. L. c. 140, § 90, together with such costs as the plaintiff is entitled to recover in this action. (3) On all the facts the plaintiff is not entitled to recover in this action including for damages and costs judgment for a greater amount than that of such tender." The trial judge denied these requests for rulings and found for the plaintiff on his declaration. At the request of the defendant he then reported the case on his refusal to grant the defendant's requests for rulings to the Appellate Division where an order was entered dismissing the report.

The statute on which the defendant relies (G. L. c. 140, § 90) in its form at the time of the loan, and at the time of the trial, provided: "A loan of less than one thousand dollars shall be discharged upon payment or tender by the debtor of the principal sum actually borrowed, with interest at the rate of eighteen per cent per annum from the time said money was borrowed, and a sum not exceeding five dollars for the actual expenses of making and securing the loan; but the lender shall be entitled to interest for six months at said rate if the debt is paid before the expiration of that period. All payments in excess of said rate shall be applied to the discharge of the principal, and the borrower shall be obliged to pay or tender only the balance of the principal and interest, at said rate, due after such application. . . ." St. 1934, c. 179, § 1, which made important changes in G. L. c. 140, § 90, passed after the trial of the present case, cannot here be applied.

The defendant contends that the statute, G. L. c. 140, § 90, should be construed as meaning that his offers, on the day of the trial, of the amount of the debt computed according to the statutory formula discharged the debt entirely and that in no event should judgment have been entered for an amount in excess of the amount he offered. Manifestly, as the defendant says, the statute was passed for the benefit of borrowers of sums less than $1,000. That benefit, however, may be waived by such a debtor. *Spofford* v. *State Loan Co.* 208 Mass. 84. The statute did not make a higher rate of interest than eighteen per cent illegal and a debtor, who has paid on such a loan a sum in excess of an amount calculated according to the statute, cannot recover it back from the lender. *Reed* v. *Boston Loan Co.* 160 Mass. 237. What the statute does is to give to a debtor the privilege of paying a less amount of interest than he may by the terms of the contract have agreed to pay, provided he chooses to avail himself of that privilege in the manner provided by the statute. *Shawmut Commercial Paper Co.* v. *Brigham,* 211 Mass. 72.

We are of the opinion that on the construction which must be given to the statute an offer of the defendant to pay his debt, made as late as the day of the trial, could not be found to be an effective tender. The word "tender" in its legal sense, when applied to an offer to pay an amount due on a contract for the payment of money, has long been used with particular and characteristic significance in various respects, including a limitation on the time within which such an offer may be made. The word had, at the time when the statute in question was originally enacted, "acquired a peculiar and appropriate meaning in law." G. L. (Ter. Ed.) c. 4, § 6, Third. We are therefore bound in the construction of the statute to give the word that meaning. *Sparhawk* v. *Sparhawk,* 10 Allen, 155, 157. *Commonwealth* v. *Greenwood,* 205 Mass. 124, 126. *Newman's Case,* 222 Mass. 563, 566.

Before there was any statute in this Commonwealth dealing with the effect of an offer of money by a debtor to his creditor in payment of a debt, there could, at common

law, be no "tender" in the legal meaning of the word if the offer was made after the day fixed for payment had passed and the contract to pay had been broken. *City Bank* v. *Cutter,* 3 Pick. 414. *Suffolk Bank* v. *Worcester Bank,* 5 Pick. 106. *Dewey* v. *Humphrey,* 5 Pick. 187. The time within which such an offer might be made and have the effect of a "tender," was extended by St. 1830, c. 85, (see also c. 128,) which provided that a tender might be made after the debt became due and even after an action based thereon had been begun if it was "made at least seven days before the sitting of the Court," where the action was in the Court of Common Pleas; and, "in actions before justices of the peace, at least four days before the entry of said action." There have been changes made in that enactment in compilations of the statutes (see particularly Rev. Sts. c. 100, §§ 14–17; R. L. c. 174, §§ 12, 13), but the requirement that an offer of payment, in order to amount to a tender, shall be made within a time specified has always been retained. Since the Revised Statutes of 1836, the statutes have provided that a tender of payment of a contract to pay money must be "made at least four days before the return day" of the writ.

This statute (now G. L. [Ter. Ed.] c. 232, § 12), which is of general application to all offers of money in payment of the sum due on any contract for the payment of money, had long been in force when the statute on which the defendant relies was first enacted. (St. 1888, c. 388.) The last mentioned statute had to do with the offer of payment of money due under such a contract. It employed the word "tender" which the earlier existing statute had defined. Included in its meaning was a limited time within which an offer must be made in order that it have the effect of a tender. "The intention of the General Court in enacting any statute must be ascertained, not alone from the literal meaning of its words, but from a view of the whole system of which it is but a part, and in the light of the common law and previous statutes on the same subject." *Armburg* v. *Boston & Maine Railroad,* 276 Mass. 418, 426. Thus examining the statute here in question (G. L. c. 140, § 90),

we think it must be construed as manifesting the intention that the word "tender" there used should be taken to mean, not an offer made at any time, but an offer made at least four days before the return day of the writ. The defendant's offers were not so made and there was no error in the refusal of the trial judge to grant the defendant's requests for rulings or in the finding for the plaintiff.

It is not necessary to consider other grounds on which the plaintiff contends there was not an effective tender. Since the defendant did not actually pay into court the money offered, no question is presented of the effect of payment of money into court under the common rule. Rule 21 of the Municipal Court of the City of Boston (1932). *Boyden* v. *Moore,* 5 Mass. 365. *Suffolk Bank* v. *Worcester Bank,* 5 Pick. 106, 108. *Brickett* v. *Wallace,* 98 Mass. 528.

*Order dismissing report affirmed.*