THE NORWOOD MORRIS PLAN COMPANY *vs.* WILLIAM T. McCARTHY, executor.

Middlesex.   December 4, 30, 1935. — November 5, 1936.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & QUA, JJ.

*Practice, Civil,* Motion for immediate entry of judgment. *Words,* "Debt," "Liquidated demand."

A promissory note payable with interest and a reasonable attorney's fee creates a "debt" within G. L. (Ter. Ed.) c. 231, § 59B.

The duty of a judge, hearing a motion under G. L. (Ter. Ed.) c. 231, § 59B, for the immediate entry of judgment upon the plaintiff's

affidavit and the defendant's counter affidavit or evidence, is merely to determine whether there is a genuine issue of fact in the case, not to hear and decide any such issue; and if he finds such an issue exists the motion should be denied. Per RUGG, C.J.

On motion by the plaintiff for the immediate entry of judgment in an action of contract to recover a debt, accompanied by an affidavit fulfilling the requirements of G. L. (Ter. Ed.) c. 231, § 59B, the judge properly defaulted the defendant and ordered judgment entered for the plaintiff, where the defendant did not appear at the hearing of the motion and a counter affidavit filed by him did not set forth any specific substantive facts relied on in defence, but merely repeated denials set up in his answer, asserted his lack of knowledge as to certain issues involved, and questioned the reasonableness of the amount of an attorney's fee which constituted a part of the alleged debt.

A defendant defaulted for failure either to appear at the hearing of a motion for the immediate entry of judgment under G. L. (Ter. Ed.) c. 231, § 59B, or seasonably to file an affidavit setting forth specifically and clearly the substantive facts upon which he relied in defence, was not entitled to avail himself of the provision of the statute respecting the filing of a demand for trial and advancement of the case for speedy trial.

CONTRACT. Writ in the District Court of Somerville dated April 5, 1934.

Upon removal to the Superior Court, a motion by the plaintiff for the immediate entry of judgment was granted by *Morton*, J. The defendant alleged exceptions.

*S. Bergson & H. Kalus*, for the defendant, submitted a brief.

*H. A. Buck*, for the plaintiff.

RUGG, C.J. This action of contract based upon a promissory note was brought in a district court against the executor of one of the joint and several makers. Recovery is sought of the unpaid balance of $3,000 with interest, together with a reasonable attorney's fee as provided in the note and alleged to be $225. The defendant seasonably claimed a trial by jury and caused the case to be removed to the Superior Court. G. L. (Ter. Ed.) c. 231, § 104. There the defendant filed an answer containing a general denial, plea of payment, an allegation of lack of consideration, and a denial of the genuineness of the signature of his testator with a demand for proof thereof. Subsequently, on January 18, 1935, the plaintiff filed a motion to amend its

declaration by increasing its claim for a reasonable attorney's fee from $225 to $450. This motion was allowed on January 25, 1935, apparently without objection. On January 18, the plaintiff also filed a motion for the immediate entry of judgment for the amount of the debt, supported by the affidavit of its treasurer. G. L. (Ter. Ed.) c. 231, § 59B. The affidavit set forth the belief of the affiant that there was no defence to the action; that the action was based on a note signed by the defendant's testator; that various specified payments had been made on the note showing the amount claimed to be due; that the consideration of the note was the balance due on a prior promissory note signed by the same makers including the defendant's testator; that the defendant was appointed executor on April 25, 1933; that thereafter until the suing out of the writ in the present action the plaintiff had used every diligent effort to get the note paid but was met by evasion and delay on the part of the defendant; that no payment or tender had been offered by the defendant; and that the entire balance with interest and a reasonable attorney's fee was then due. Thereupon the defendant filed a counter affidavit (1) denying specifically the signature of the defendant's testator on the note of the plaintiff, (2) denying specifically that the plaintiff furnished any consideration for the purported note and demanding proof thereof, and (3) disputing that the amount requested as an attorney's fee by the plaintiff in its original or amended declaration was a reasonable one, with a request that the reasonableness of any fee be fixed by a jury. He also stated his belief that there were good defences to the action in that nowhere in the records or papers of his testator was there an entry relating to the note, or to any consideration therefor, that he was ignorant of the making of the note, and that he denied the genuineness of the signature of the testator on the note and demanded proof thereof.

The plaintiff's affidavit and motion for judgment were heard on January 25, 1935, in the absence of counsel for the defendant. The plaintiff's affidavit and motion for judgment and the defendant's counter affidavit were before

the trial judge for consideration.  Upon consideration on the same day, the trial judge allowed the plaintiff's motion for judgment, defaulted the defendant, and ordered judgment to be entered accordingly.  No question is now raised as to the simultaneous entry of judgment, since that has been corrected.  See G. L. (Ter. Ed.) c. 231, § 113.  Rule 79 of the Superior Court (1932).  The defendant duly excepted to the order for judgment made on January 25, 1935, on the ground that his affidavit presented enough of a substantive defence to entitle him to go to a jury on the issues there involved.

The question to be determined is whether the default and order for judgment were authorized by G. L. (Ter. Ed.) c. 231, § 59B, pursuant to which section the proceedings heretofore narrated were taken.  That section, originally enacted as St. 1929, c. 172, § 1, is designed to provide a procedure for separating debt collecting from controversial litigation, and to expedite the collection of debts where there is no real defence.  See recommendations of the Judicial Council in its first report, at pages 32, 33, 141, its second report, at pages 44–47, 114, its third report, at page 76, and its fourth report, at page 49.  The purpose of said § 59B is to avoid the delay and expense of a trial of facts where no substantial issue of fact exists.  Statutes and rules of court creating a summary procedure in those circumstances have been established in many common law jurisdictions.  See The Summary Judgment, 38 Yale L. J. 423.  A somewhat analogous procedure formerly existed in this Commonwealth by St. 1852, c. 312, Gen. Sts. c. 129, § 45, whereby the default of a defendant was required in the absence of an affidavit by him of substantial defence to the merits of the action.  *Whipple* v. *Rogerson*, 12 Gray, 347.  *Hunt* v. *Lucas*, 99 Mass. 404.

The provisions of G. L. (Ter. Ed.) c. 231, § 59B, material to the present issues are these: "In any action of contract where the plaintiff seeks to recover a debt or liquidated demand, he may . . . on affidavit by himself or by any other person who can swear to the facts of his own knowledge, verifying the cause of action and stating that in his

belief there is no defence thereto, move for the immediate entry of judgment for the amount of the debt or demand, together with interest if any is claimed . . . after hearing the court may, unless the defendant by affidavit, by his own evidence or otherwise shall disclose such facts as the court finds entitle him to defend, enter an order for judgment for the amount of the debt or demand, with interest if any is due, and costs. Judgment as aforesaid shall be entered at the expiration of seven days from the order unless the defendant in the meanwhile files a demand for trial; and if such demand is filed as aforesaid the case shall be advanced for speedy trial. If the defendant does not appear at said hearing or file at or before the time set for hearing an affidavit setting forth specifically and clearly the substantive facts upon which he relies as a defence, the court may enter judgment by default."

The inquiry arises at the threshold whether the plaintiff's action falls within the scope of said § 59B. That section is restricted in operation to cases where the plaintiff seeks to recover "a debt or liquidated demand." These words occur in a remedial statute and ought not to be given a constricted interpretation. On the other hand, they ought not to be stretched to include causes of action outside the main purpose of the enactment. No inflexible meaning has been attached to the word "debt" in our decisions. In *Mill Dam Foundery* v. *Hovey*, 21 Pick. 417, 455, *Smith* v. *First Congregational Meetinghouse in Lowell*, 8 Pick. 178, and *Miller* v. *Robertson*, 266 U. S. 243, 249–250, the word was given in different connections a broad signification. In some of these cases the action of debt at common law or as modified in practice may have been under consideration, rather than the exact conception of debt as an obligation. In *H. G. Kilbourne Co.* v. *Standard Stamp Affixer Co.* 216 Mass. 118, 121, occurs this language: "Doubtless the word 'debt,' as was said in *Gray* v. *Bennett*, 3 Met. 522, 526, 'is of large import, including not only debts of record, or judgments, and debts by specialty, but also obligations arising under simple contract, to a very wide extent.' . . . It may comprehend not only liquidated demands where there is an

express or an implied promise to pay or an absolute duty raised by law to discharge, but also . . . an agreement for the payment of money which will require some calculation or determination of extraneous facts before its exact amount can be ascertained, provided the debtor has made a distinct and binding promise to pay. . . . [A] liability, although not reduced to a certainty and hence in that sense unliquidated, nevertheless may be a debt, provided that the consideration is executed and there is an express promise to pay and the precise sum of money due may be ascertained by simple mathematical calculation from known facts." *Stone, Timlow & Co. Inc.* v. *Stryker,* 230 Mass. 67, 72. *Commissioner of Banks* v. *Cosmopolitan Trust Co.* 247 Mass. 334, 341. *French* v. *Bray,* 263 Mass. 121, 123. It was held in *Cochrane* v. *Forbes,* 267 Mass. 417, 420, with ample citation of supporting authorities, that liquidated damages "mean damages, agreed upon as to amount by the parties, or fixed by operation of law, or under the correct applicable principles of law made certain in amount by the terms of the contract, or susceptible of being made certain in amount by mathematical calculations from factors which are or ought to be in the possession or knowledge of the party to be charged. Unliquidated damages are those which cannot thus be made certain by one of the parties alone." Doubtless some confusion has arisen as to circumstances which constitute a sum certain so that the obligation may fall within the description of debt. Commonly, if the damages to be recovered are unliquidated or not readily ascertained from established facts, the remedy under said § 59B must fail. *Joseph Mogul, Inc.* v. *C. Lewis Lavine, Inc.* 247 N. Y. 20, 22.

It is provided in G. L. (Ter. Ed.) c. 107, § 23, that an instrument to be negotiable must "contain an unconditional promise or order to pay a sum certain in money," but by the following section it is enacted that the sum payable in a negotiable instrument is "a sum certain within the meaning" of the negotiable instruments act, although it is to be paid with costs of collection or "an attorney's fee, in case payment shall not be made at maturity." The present action is founded on a promissory note. It con-

tains an unconditional promise to pay a sum certain in money, to which there is superadded an unconditional promise to pay to the plaintiff "a reasonable attorney's fee." The General Court has declared by G. L. (Ter. Ed.) c. 107, §§ 23, 24, that such an instrument is a promise to pay a "sum certain." This in substance and effect is a declaration that an instrument like that here in suit creates a debt. It seems to follow that the instrument which constitutes the present cause of action creates a debt within the meaning of that word in said § 59B and that the plaintiff's action falls within the scope of that section. Compare *Waxman* v. *Williamson*, 256 N. Y. 117, 120, 123; *Lagos* v. *Grunwaldt*, [1910] 1 K. B. 41, 46, 48; *Henry W. Cooke Co.* v. *Sheldon*, 53 R. I. 101, 103.

The plaintiff conformed to the terms of said § 59B in filing a motion for immediate judgment and a supporting affidavit. It verified the cause of action and asserted that there was no defence to it. The defendant filed a counter affidavit but offered no evidence. He did not appear at the hearing. The question is whether the defendant by his affidavit brought himself within the terms of that section and disclosed such facts as entitled him to defend by "setting forth specifically and clearly the substantive facts upon which" he relied as a defence. The purpose of the affidavits and hearing is to determine whether such facts are disclosed as the court finds entitle the defendant to defend. A substitution of trial by affidavits for trial on evidence clearly is not intended. The duty of the trial judge is to determine whether there is a substantial issue of fact and not to try such issue if found to exist. *Maryland Casualty Co.* v. *Sparks*, 76 Fed. (2d) 929, 933. *General Investment Co.* v. *Interborough Rapid Transit Co.* 235 N. Y. 133. *Croker* v. *Croker*, 252 N. Y. 24, 26. *Peoples Wayne County Bank* v. *Wolverine Box Co.* 250 Mich. 273, 277. *Fisher* v. *Sun Underwriters Ins. Co.* 55 R. I. 175, 180–181. *Sullivan* v. *State*, 213 Wis. 185, 191–192. Questions of credibility of affidavits or evidence do not concern the trial court. If the affidavit of defence shows a substantial issue of fact, summary judgment should not be ordered even though the affidavit be

disbelieved.   If the affidavits on the one side and on the other are directly opposed as to the facts shown, the case must go to trial.   *Fidelity & Deposit Co.* v. *United States,* 187 U. S. 315, 320.   *Mutual Life Ins. Co.* v. *Keen,* 68 C. C. A. 315, 321–322.   *Dempsey* v. *Langton,* 266 Mich. 47, 50.   *Bernstein* v. *Kritzer,* 224 App. Div. (N. Y.) 387, 389.   *Berick* v. *Curran,* 55 R. I. 193, 198.   These affidavits stand on a different footing from those in cases where the trial judge is simply deciding a question of fact upon affidavits.   See *Commonwealth* v. *Millen,* 290 Mass. 406.

The first ground of defence indicated in the counter affidavit of the defendant is a denial of the signature of his testator on the note and a demand for proof of its genuineness.   This does not set forth "specifically and clearly the substantive facts upon which he relies as a defence."   It adds nothing to the pleadings already filed in his answer. The authorities are uniform to the effect that evidentiary facts, not merely a repetition of the general averments of the pleadings, must be stated.   Such a fact, for example, might be that someone familiar with the signature had examined that on the note and knew that it was not genuine. *Wallingford* v. *Mutual Society,* 5 App. Cas. 685, 704.   *Warren Webster & Co.* v. *Pelavin,* 241 Mich. 19, 21–22.   *Maurice O'Meara Co.* v. *National Park Bank,* 239 N. Y. 386, 395. *Minuto* v. *Metropolitan Life Ins. Co.* 55 R. I. 201, 206. This part of the affidavit was ineffectual.

The second ground of defence set forth in the affidavit is that the defendant lacked knowledge concerning the execution of the note and the consideration for it.   Ordinarily a defendant has such knowledge and may be required to set forth facts in detail.   Where a defendant is representative of a deceased person, there may be ignorance of the facts. See *Caswell* v. *Stearns,* 257 Mich. 461, 463.   *Woodmere Academy* v. *Moskowitz,* 212 App. Div. (N. Y.) 457, 459. But mere want of knowledge does not prevent summary judgment.   It should be sufficient ground of defence only when it appears that a thorough investigation has been made and that ignorance persists after genuine efforts to ascertain the facts about the validity of the plaintiff's

claim. *Irving Trust Co.* v. *American Silk Mills, Inc.* 72 Fed. (2d) 288, 292. *Hongkong & Shanghai Banking Corp.* v. *Lazard-Godchaux Co. of America, Inc.* 207 App. Div. (N. Y.) 174, 180. *General Investment Co.* v. *Interborough Rapid Transit Co.* 235 N. Y. 133, 141. Nothing in the affidavit indicates what means of knowledge were open to the defendant, what his relations with the testator were, and what were the business habits of the testator. There is here a bald statement of ignorance unsupported by any facts or by any narration of attempts to ascertain the facts. The result is that no facts showing substantial grounds of defence in this particular were before the court. This branch of the defendant's affidavit fails to conform to said § 59B.

The last statement in the affidavit relates to the provision in the note that a reasonable attorney's fee should be paid in the circumstances that have arisen. This statement at most disputes the reasonableness of the sum claimed and requests that the amount be determined by a jury. This is no more than a repetition of the pleadings on this point. There was no denial of liability for a reasonable attorney's fee. The defendant was absent from the hearing on the plaintiff's motion for judgment. He rightly was defaulted. Therefore he did not put himself in a position to avail himself of the opportunity afforded by said § 59B to file a demand for a trial within seven days from the order for judgment and thus secure advancement of the case for speedy trial. In all the circumstances there was no reversible error of which the defendant is entitled to avail himself. *Bothwell* v. *Boston Elevated Railway*, 215 Mass. 467, 473. *Dalton-Ingersoll Co.* v. *Fiske*, 175 Mass. 15, 20. See *Gallagher* v. *Silberstein*, 182 Mass. 20.

*Exceptions overruled.*