LIST FINANCE CORPORATION *vs.* WILLIAM H. SHERRY.

Bristol.   October 26, 1937. — November 30, 1937.

Present: FIELD, DONAHUE, LUMMUS, QUA, & DOLAN, JJ.

*Practice, Civil,* Variance; Motion for judgment; Requests, rulings and instructions. *Small Loans. Bills and Notes,* Validity.

A report by a district court judge of his denial of a motion, without specifications, that judgment be entered for the defendant, did not raise any question of variance between allegations and proof.

A promissory note which provided for interest on a loan in excess of the rate permitted by G. L. (Ter. Ed.) c. 140, § 90, as amended by St. 1934, c. 179, was not void and an action thereon could be maintained although only the principal with interest at the permitted rate could be recovered.

There was no error in the denial of an obscure request for ruling which was either incorrect or correct only with limitations not stated in it.

CONTRACT.   Writ in the Second District Court of Bristol dated August 3, 1936.

The action was heard by *Torphy,* J.

The case was submitted on briefs.

*H. E. Clarkin & J. T. Farrell,* for the defendant.

*I. S. Levin,* for the plaintiff.

FIELD, J.   This action of contract was brought in a district court by a writ dated August 3, 1936. The plaintiff declared on a promissory note for $420 dated February 4, 1936, payable "on demand" to its order, signed by the defendant and bearing the words "Due July 15th." The defendant answered general denial, payment, release, denial of the signature, and that if he "signed any note payable to the order of the plaintiff, it was a different note than the one set out in the declaration." The judge found for the plaintiff in the sum of $393.75 and interest, denied the

defendant's motion that judgment be entered for him and denied seven requests for rulings made by the defendant. A report to the Appellate Division was dismissed and the defendant appealed.

There was no error in any matter of law which is before this court for review.

At the trial the plaintiff produced a note which was in accord with the note declared on, and introduced evidence that the signature thereon was the defendant's signature, and that the note, when it was signed, was identical with the note produced at the trial. The defendant admitted that he signed the note, but testified that at the time he signed it no amount was written in. The plaintiff admitted "that the defendant actually received for the note only the sum of $350," but introduced evidence "that the defendant had agreed to pay the sum of $70 as interest, the said $70 being agreed upon by reason of the fact that in addition to the note in suit for which the defendant received $350, a friend of the defendant, on the same day and as part of the same transaction, received the sum of $301 from the plaintiff, and $35 of the $70 so agreed upon was interest on the said loan of $301, on which no interest was to be paid by the defendant's friend." The plaintiff, as the record states, admitted also "that the note in suit was a demand note but was not to become due and payable until July 15, 1936, and that the other note previously referred to was also a demand note, but was not to become due and payable until May 4, 1936." And the record states, "The plaintiff . . . demanded payment of the latter note within two weeks after it was given, and said note of $301 was paid in full on February 26, 1936, shortly after the demand was made. No interest was paid on it. No demand for the payment of the note in suit was made until after July 15, 1936." The defendant admitted "that a friend of his obtained a loan of $301 substantially as set out in the testimony for the plaintiff," but testified in substance that no amount was agreed upon as interest on either note.

1. The motion that judgment be entered for the defendant was denied rightly.

The denial of this motion was reviewed and sustained by the Appellate Division, and we review it on appeal without considering whether, since the grounds of the motion were not specified, the defendant was entitled as of right to a review thereof.    The report of the ruling on this motion, however, brings before us no question of variance between allegations and proof.    *Pacheco* v. *Medeiros*, 292 Mass. 416, 419.

Clearly it could have been found that the signature on the note was the defendant's signature.    This fact was admitted by the defendant at the trial.    And, on contradictory evidence, it could have been found that the note signed by the defendant was identical with the note produced at the trial — that is, that the note was not altered or changed in any respect.    A finding for the plaintiff was warranted unless as matter of law such a finding was precluded by the admitted facts and evidence introduced by the plaintiff relating to the amount received by the defendant from the plaintiff and to the reason for making the amount of the note greater than the amount received by the defendant.    The defendant contends that on these facts and evidence the note was void under G. L. (Ter. Ed.) c. 140, § 90, because the note in effect provided for interest, on a loan of less than $1,000, in excess of the rate permitted by this section and, particularly, because under a provision added to this section by St. 1934, c. 179, "Any agreement whereby the borrower waives the benefits of this section or releases any rights he may have acquired by virtue hereof shall be deemed to be against public policy and void."    This statute does not render a loan which is within its terms, or a promissory note given for such a loan, unlawful or invalid, but merely provides that the debt may be discharged by payment or tender of the principal with interest at the permitted rate and — by a provision added to the section by St. 1934, c. 179 — that only the principal with interest at that rate can be recovered in an action.    See *Shawmut Commercial Paper Co.* v. *Brigham*, 211 Mass. 72, 74; *Shawmut Commercial Paper Co.* v. *Hartung*, 217 Mass. 144; *Levin* v. *Wall*, 290 Mass. 423.    Such

a promissory note is not an agreement waiving benefits of the statute or releasing rights acquired by virtue thereof. It was not so regarded when, prior to the amendment by St. 1934, c. 179, such a waiver or release was effective. See cases cited. Even if the defendant in this case is entitled to the benefits of the statute with respect to the amount recoverable by the plaintiff, the plaintiff is not wholly precluded by the statute from recovering on the note. And the motion that judgment be entered for the defendant presents no question as to the amount recoverable where, as here, a finding in some amount was warranted.

2. There was no error in the denial of the defendant's requests for rulings.

Requested rulings numbered one to six, inclusive, were denied, as stated by the trial judge, on the ground that he found "as a fact that the note was not altered." This finding evidently means that there was no change or alteration in the note, material or immaterial. It clearly rendered inapplicable to the facts requested rulings numbered one to five, inclusive, each of which in terms assumes an "alteration" and relates to the effect thereof. Requested ruling numbered six assumes an "addition . . . to the face of a note" and relates to the materiality of such a change in the note. The finding of the trial judge is broad enough to render this requested ruling inapplicable to the facts.

Requested ruling numbered seven: "A promissory note for a loan of $350 on which carrying charges of $70 are added is not collectible as a note for $420," was denied without statement of any reason for the denial. This requested ruling — which does not refer to the pleadings — does not purport to relate to variance between allegations and proof. As a statement of substantive law its meaning is obscure. If, as the defendant apparently interprets it, it means that a promissory note such as is therein described is wholly uncollectible, for reasons already set forth it does not state the law correctly. And if this requested ruling means that a promissory note such as is

therein described is partially uncollectible it is correct only with limitations not stated therein. For these, if not for other reasons, it was not error to deny the request for this ruling.

<div align="center">

*Order dismissing report affirmed.*