Sullivan, J.
In this action of tort the plaintiff seeks damages for personal injuries alleged to have been received by him when he was struck by a truck operated by one, Borneo LaBelle, who was in the employ of the defendant at the time. The plaintiff predicates his cause upon four counts; the first, on negligence; the second, for operating the truck in a known defective condition; the third count, that the truck was leased to the Works Progress Administration, an instrument of the U. S. Government and agreed to keep it in good repair, but knowing it to be defective permitted the same to he operated upon the highway in Haverhill; the fourth count setting out a nuisance.
The defendant’s answer was a general denial and a plea of contributory negligence.
*16 The plaintiff was a letter carrier whose route was in Haverhill and the truck was on lease to the above W. P. A. on a daily rental of eight dollars ($8.00) which was paid by the defendant to its Park Department which had control over it and who had custody of the truck.
The negligence of the driver and the due care of the plaintiff are not in issue.
It is the contention of the defendant that it is not liable in that the driver was not in its employ as he was working for and responsible to the Park Department of the city; that it is a separate and independent entity whose officers are composed of a Board of Park Commissioners elected by ■ the Municipal Council under the authority of General Laws, chapter 45, whose powers are defined therein. That the members of such board are public officers for whose conduct the defendant is not liable in tort for negligence of such officers or those working under them. The defendant filed the following motion which was denied, “Now comes the Defendant in the above entitled action and moves that the Court find for the Defendant.” No requests were filed by either party.
There was finding for the plaintiff in the sum of thirty-four hundred sixty-eight dollars and fifty cents ($3468.50).
There was evidence most favorable to the plaintiff that the truck in controversy was driven by the defendant, purchased by the Park Department from its own funds, was let out to the aforesaid W. P. A., so called, and the Park Department was reimbursed by the defendant city from an appropriation made by it, which was “tabbed” W. P. A., on a daily rental of eight dollars; that in 1941, the defendant city made an agreement with the Federal Government to improve a public ground known as C'ashman’s Field whereby the defendant was to provide all equipment and materials and the Federal Government authorities were to *17 pay wages to those engaged in the project, the truck was serviced by said Department in providing gasoline, oil and ordinary repairs, the funds so provided were received by the Department from departmental transfers from the said W. P. A. account which was set up by the city, while the operator of said truck was employed by and paid by the Federal Government. There was evidence of the defective condition of the brakes on the truck which was known to the Park Department.
A further detail of evidence would serve no useful purpose as the issue involved is one of law and not of fact.
The decisive fact is that the Park Department of the city of Haverhill are not officers or agents of the city itself, but public officers. It is the established law of this Commonwealth that in the absence of express statutory provisions to the contrary a city is not liable for the torts of public officers or for those of their agents or servants acting in the discharge of public duties imposed upon such officers. Sweeney vs. Boston, 309 Mass. 106, 110 and cases cited. See G. L., c. 45 where the duties of the Board of Park Commissioners are set forth.
It is further stated in Sweeney vs. Boston, supra @ page 110 by Dolan, J. and is applicable particularly to the instant case, that a “municipality can exercise no direction or control over one whose duties have been defined by the Legislature”. Daddario vs. Pittsfield, 301 Mass. 552, 558 and cases cited. Warburton vs. Quincy, 309 Mass. 111, 117. Reitano vs. Haverhill, 309 Mass. 118, 122.
The defendant city had no authority or control over the Park Department, an independent body, nor over those working for it.
As to further contentions of the plaintiff in support of its ease they have been examined and are inapplicable as the plaintiff cannot recover.
*18 It was prejudicial error to deny the defendant’s motion for a finding.
The statute and the rules of the District Courts contemplate that the basis of a report to the Appellate Division shall be requests for rulings and not motions. Gr. L. (Ter. Ed.) c. 231, see. 108, see Rule 27, District Court Rules (1940). Holton vs. American Pastry Products Corp., 274 Mass. 268, 271.
Although the Supreme Judicial Court in Morse vs. Homers, Inc., 295 Mass. 606, at 607 points out that the statutes and the rules of court contemplate that the basis of a report to the Appellate Division shall be requests for rulings and not motions, nevertheless, that court has several times passed upon such motions in eases heard without jury, and has held that such a motion means when filed by a defendant that as a matter of law judgment ought to have been entered in its favor, or could not rightfully have been entered for the plaintiff, and that if the situation is such that a motion to that effect ought to have been allowed, the defendant’s exception must be sustained. Fisher vs. Drew, 247 Mass. 178, 181. New Bedford & Co. vs. Eugen C. Andres Co., 258 Mass. 13, 16. Ashapa vs. Reed, 280 Mass. 514, 516. Menici vs. Orton Crane & Shovel Co., 285 Mass. 499. See Rubin vs. Huhn, 229 Mass. 126, 129. Forbes vs. Gordon & Ferber, Inc., 298 Mass. 91 @ 94, 95 and cases collected bj Lummus, J. List Finance Corp. vs. Sherry, 298 Mass. 533, 535.
The evidence required a finding for the defendant unequivocally.
It does not appear by the report that all the evidence material to issues involved were reported.
' The finding for the plaintiff is vacated. A finding for the defendant is made.