Pettingell, P. J.
Action of contract against the maker and co-makers of a note to recover the balance due on the note, being $84.75. No question of the execution of the note is raised, or of its amount, the issue being the validity of one of the provisions of the instrument, viz:
“Also, if the holder hereof after default shall place this note in the hands of an attorney for collection to pay an additional sum equal to twenty percent of the aggregate of principal, interest and fines due on the noté at the time of the employment of such attorney, such charge in no event to be less than ten dollars.”
At the trial in the district court, the plaintiff waived all claims for the fines provided for in the note. There was a finding for the plaintiff.
The defendants filed seventeen requests for rulings; no action was taken by the trial judge upon these requests, *24 which must be treated as denied. Hurley v. Boston Elevated Ry., 213 Mass. 192, at 193. Plimpton v. New York, New Haven & Hartford R. R., 221 Mass. 548, at 551. Simmons v. Poole, 227 Mass. 29, at 34. Joseph S. Waterman & Sons, Inc. v. Soliday, 231 Mass. 422, at 423. American Congregational Association v. Abbott, 252 Mass. 535, at 537. Woodworth v. Woodworth, 271 Mass. 398, at 400. Kravetz v. Lipofsky, 294 Mass. 80, at 84. Commonwealth v. Hull, 297 Mass. 327, at 329.
These requests not acted upon were as follows:
1. That upon all the evidence, there is a sufficiency of evidence to warrant a finding for the defendants. 2. That upon all the evidence, a finding should be made for the defendants. 3. That the provision in the promissory note providing if the holder of the note, after default, shall place this note in the hands of an attorney for collection to pay an additional sum of equal to twenty per cent of the aggregate of principal, interest, and fines due on this note at the time of the employment of such attorney, such charge in no event to be less than ten dollars constitutes a penalty rather than liquidated damages and cannot be collected from these defendants. 4. That a provision in a promissory note imposing a penalty upon a default of payment cannot be inforced in an action at law. 5. That upon all the evidence, the measure of damages arising from a failure on the part of the defendants to pay the promissory note should be ascertained without difficulty and readily fixed. 6. That upon all the evidence, it was the intent of the parties to stipulate for a penalty rather than liquidated damages in case of failure upon the part of the defendants to pay the promissory note in accordance with its terms. 7. That a provision for the payment of attorney’s fee in case of a breach of an agreement in usurious. 8. That a provision for the payment of attorney’s fee in case of a breach of an agreement is invalid in that such provision is against public policy. 9. That a provision for the payment of attorney’s fee in case of a breach of an agreement is . oppressive and tends to promote litigation and is, *25 therefore, contrary to public policy. 10. That the provisions of Chapter 140, Section 90, apply to the note in question. 11. That if the plaintiff is entitled to recover an additional sum equal to twenty per cent of the aggregate of principal, interest, and fines due on this note at the time of the employment of an attorney, the plaintiff is recovering a sum in excess of the provisions of Chapter 140, Section 90. 12. ■ That the provision of the note, “If the holder hereof after default shall place this note in the hands of an attorney for collection to pay an additional sum equal to twenty per cent of the aggregate of principal, interest, and fines due on this note at the time of the employment of such attorney, such charge in no event to be less than ten dollars” constitutes an interest charge in excess of eighteen per cent and is contrary to the provisions of Chapter 140, Section 90. 13. That if the provision for the payment of a fine of one cent on each unpaid dollar per week is illegal then the provision of the note of a payment of twenty per cent of the aggregate of principal, interest, and fines is tainted and is illegal and contrary to public policy. Stewart v. Thayer, 170 Mass. 560. Boylston Bottling Co. v. O’Neil, 231 Mass. 498. Bishop v. Palmer, 146 Mass. 469, at Page 474. 14. That the provision of the note, “If the holder hereof after default shall place this note in the hands of an attorney for collection to pay an additional sum equal to twenty per cent of the aggregate of principal, interest, and fines due on this note at the time of the employment of such attorney, such charge in no event to' be less than ten dollars” is not governed by Chapter 107, Section 24, Part 5. 15. That between the makers and payee of a promissory note, Chapter 107, Section 24, Part 5 has to do only with the negotiability of the note. 16. That Chapter 107, Section 24, Part 5 does not determine that a provision for attorney’s fee in a note in case of nonpayment of said note is legal and valid. 17. That Chapter 107, Section 24, Part 5 does not preclude defendants from setting up the defense that the provision in the note calling for a twenty per cent additional payment constitutes a penalty and is, therefore, invalid.
*26 The defendant’s contention.is that these requests raise the following issues:
1. That a provision for the payment of an attorney’s fee in case of default is invalid as against public policy, usurious, oppressive and tends to promote litigation.
2. That the particular provision in the clause under consideration is not a provision for an attorney’s fee.
3. That the particular provision in the clause under consideration is in violation of G-. L. (Ter. Ed.) Chapter 140, Section 90.
4. That if the provision for an attorney’s fee is valid, then the plaintiffs should be entitled only to a reasonable attorney’s fee.
5. That the disputed clause is invalid as creating a penalty.
The only evidence before the court was the note itself and such agreements about it as were made by the parties. There was no testimony regarding the circumstances of its making, and no evidence of the reasonableness or unreasonableness of the particular clause now in issue.
We do not feel that the defendant’s first contention states the law in this Commonwealth, although there are decisions to that effect elsewhere. There is an almost entire absence of decided cases in Massachusetts on the issue of the validity of a provision in a note for an attorney’s fee in case of the defaut of the maker of the note. There are, however, some indications that the law here is otherwise. In Cherry v. Webb, 187 Mass. 113, where there was such a provision in the note, the issue was not raised, although other defences were stoutly insisted upon. In Norwood Morris Plan Co. v. McCarthy, 295 Mass. 597, at 605, recovery was allowed on a note provided for “a reasonable attorney’s fee,” the court saying that the point raised by the defendant “at most disputes- the reasonableness of the sum claimed”. Our decision in this case cannot be determined by a *27 count of those states which permit such a provision, compared with those which hold to the contrary, but must be based upon the applicable provisions of law dealing with the validity of promissory notes which are to be found in statutes or decided cases. G-. L. (Ter. Ed.) <1 107, Section 24, (5) is not authority for the validity of a provision for an attorney’s fee, as it holds simply that such a provision in a note does not make the amount of the note uncertain. On the other hand the presence in the statute of that provision is some ground for belief that there is nothing in the nature of an attorney’s fee, per se, which is so abhorrent as to make invalid a provision in a note containing it.
Nor is the matter settled by Gr. L. ('Ter. Ed.) 0.140, Section 90. If the loan sued on is within the provisions of that statute and section, the effect of the section is not to declare the loan invalid.
“This statute does not render a loan which is within its terms or a promissory note given for such a loan, unlawful or invalid, but merely provides that the debt may be discharged by payment or tender of the principal with interest at the permitted rate and — by a provision added to the section .by St. 1934, c. 179 — that only the principal with interest at that rate can be recovered in that action.” List Finance Corp. v. Sherry, 298 Mass. 533, at 535.
“Even if the defendant in this case is entitled to the benefit of the statute with respect to the amount recoverable by the plaintiff, the plaintiff is not wholly precluded by the statute from recovering on the note.” List Finance Corp. v. Sherry, supra, at 536; Reed v. Boston Loan, Co., 160 Mass. 237, at 238; Spofford v. State Loan Co., 208 Mass. 84, at 88; Shawmut Commercial Paper Co. v. Hartung, 217 Mass. 144, at 145, 146; Levin v. Wall, 290 Mass. 423, at 426, 427. St. 1934, C. 179, Section 1.
The defendants, moreover, to be entitled to the benefits of the statute, must “have paid or tendered to the creditor *28 the amount of the actual loan made to them with interest at the rate of eighteen per cent a year and the additional sum of $5, after applying in reduction of the principal small payments which they had made in excess of that rate of interest. This would have fully discharged their indebtedness. But it was their personal privilege to be availed of only at their election; . . .. The making of such a payment or tender was a condition precedent to the discharge of their liability under the statute. Without that they remained liable upon their note, and it was right to order a verdict for the plaintiff.” Shawmut Commercial Paper Co. v. Brigham, 211 Mass. 72, at 74.
There is in this case no evidence of a payment or tender to the creditor; according to the opinions cited, Gr. L. (Ter. Ed.) C. 140, Section 90 has no application to the facts of this case, the condition precedent not having been performed.
There is nothing in the provision itself which amounts to usury, and no evidence from which usury can be found. The provision merely provides a way of fastening upon the debtor an expense occasioned by his default.
With the provision for fines eliminated by the defendant’s waiver, a remaining question is the reasonableness of the amount of the attorney’s fee. In the absence of any testimony on that score, the provision for such a fee cannot,' of itself, be held to be unreasonable. In the present case, the amount due at the time of the defendant’s default was $84.75. An attorney’s fee of 20% on that amount is $16.95, which on its face is not an unreasonable amount of a fee for bringing suit to collect that amount. It is a common experience that the expense of the collection of a small amount of money is out of proportion to the expense of the collection of a much larger sum, the amount of time, labor and effort necessary being in many instances as great for the collection of the smaller sum as the collection of the larger.
*29 Nor do we think that the words “together with costs or expenses incurred in the collection of any sum due” occurring in the clause preceding the clause in dispute, give to the disputed clause for an attorney’s fee a cumulative effect, making in effect an attorney’s fee on an attorney’s fee.
The first provision, the fines being eliminated by waiver, refers in our opinion to the incidental cost and expense of collection, the disbursements other than compensation, made in the attempt to recover the amount due. The clause in dispute, the fines being eliminated, refers specifically to the aggregate of principal and interest. It does not include the “costs or expenses” referred to in the preceding clause. There is no piling up of one on the other.
We are of opinion that the validity of the section in dispute can be determined only by the test whether or not that section constitutes a penalty. What indications there are, point to that test as the only conclusive test applicable. There appears to be no law that a provision for an attorney’s fee is per se invalid. Cherry v. Webb, 187 Mass. 113. Norwood Morris Plan Co. v. McCarthy, 295 Mass. 597, at 605. A provision for interest, however, may be invalid if that provision actually is a penalty.
“The question whether a sum of money mentioned in an agreement shall be considered as a penalty, and so subject to the chancery powers of this court, or as damages liquidated by the parties, is always a question of construction, on which, as in the other cases where a question of the meaning of the parties in a contract proveable by a written instrument arises, the court may take some aid to themselves from circumstances extraneous to the writing. In order to determine upon the words used, there may be an enquiry into the subject matter of the contract, the situation of the parties, the usages to which they may understood to refer, as well as other facts and circumstances of their conduct; *30 although their words -are to be taken as proved by the writing exclusively.” Perkins v. Lyman, 11 Mass. 76, at 81.
“The ‘real intent of the parties’ for which the court searches in these decisions appears, to be their intent either to make a reasonable forecast of just compensation or to provide a punishment in terrorem for a breach.” Restatement of Contracts, Massachusetts Annotations, Section 339, page 200.
“The proper course is to enforce contracts according to their plain meaning and not to undertake to be wiser than the parties, and therefore that in general when parties say that a sum is payable as liquidated damages they will be taken to mean what they say and will be held to their word.” Holmes C. J. in Guerin v. Stacy, 175 Mass. 595, at 597.
When examined carefully the note signed by the defendant is for the payment of a definite principal sum and interest. Other than the (fines which the plaintiff waives, and the provision for an attorney’s fee, the note is entirely usual. The case is not one where the disputed provision “secures several promises of varying importance, one or more of which is for the payment of a much smaller sum of money”. Guerin v. Stacy, supra, but is rather one of the class represented by Lynde v. Thompson, 2 Allen 456; Cushing v. Drew, 97 Mass. 445, at 446; Leary v. Laflin, 101 Mass. 334; Ropes v. Upton, 125 Mass. 258; Glynn v. Moran. 174 Mass. 233, Kaplan v. Gray, 215 Mass. 269; Putnam Machine Co. v. Mustakangas, 236 Mass. 386. The defendants agreed simply to pay the note according to its terms or to pay an additional amount if suit was brought.
There were here no such extraneous terms as are to be found in note cases such as Merrill v. Merrill, 15 Mass. 488, and Kellogg v. Curtis, 9 Pick. 534, in each of which the language of the note was held to constitute a penalty.
Of the seventeen requests filed by the defendant, the first, second, third, seventh, eighth, ninth, tenth, eleventh and twelfth are all requests for rulings of law not applicable to *31 the facts appearing in this case, the defendant’s waiver being given consideration, and properly ¡were denied. The fourth was properly denied as premised upon a fact which the trial judge was not compelled to find and was not required to find as a matter of law. Simpson v. Massachusetts Street Ry. Co., 292 Mass. 562, at 565, 566. There was no. error in the denial of the 5th and 6th. There were for findings of fact which the trial judge could not be compelled to make. Wrobel v. General Accident Fire & Life Assurance Cor’n Ltd., 288 Mass. 206, at 209. Cameron v. Buckley, 299 Mass. 432, at 434. The fifth request, also, was made inapplicable by the agreement as to the amount due, as well as by what has been said about penalty. . The thirteenth request was made inapplicable by the plaintiff’s announced waiver of all claims for fines provided for in the note.
The fourteenth, fifteenth, sixteenth and seventeenth were good law and should have been given or their denial competently explained. In the absence of such a disposition as satisfactorily discloses the trial judge’s actual state of mind, it must be assumed that he regarded the statutory provision referred to in the requests as sufficient ground for the finding made.
As has been pointed out already, Gr. L. c. 107, Section 24, Part 5, has to do only with the question of the negotiability of a note. In Norwood Morris Plan Co. v. McCarthy, 295 Mass. 597, at 605, the note sued on contained a provision for a reasonable attorney’s fee, which was urged as a reason for granting the defendant the removal of a default which had been entered. The attorney’s fee first demanded was $225; subsequently, on motion, the plaintiff was allowed to increase its claim in this respect to $450. In disposing of the defendant’s motion, the court said (at page 603) that such a note contains an unconditional promise to pay a sum certain, as required by Gr. L. (Ter. Ed.) C. 107, Section 23 and 24, and, (at page 605) the provision in question “At *32 most disputes the reasonableness of the sum claimed.” In other words, the effect of the presence of that provision in the note did not destroy the negotiability of the note. The statute and section, therefore, relates only to the negotiability of the note.
It was error for the trial judge to deny the 14th request, for Gr. L. (Ter. Ed.) c. 107, section 24, Part 5, does “govern” the note, although only as to the certainty of the sum due, and therefore as to negotiability. It was error to deny the 15th request which is a correct statement of the law, and error to deny the 16th and 17th requests. All of these requests were good law and should have been given or the denials explained.
These denials, however, were not prejudicial error. There was no evidence before the trial judge which required him to find that the note was invalid, nor even evidence which warranted a finding for the plaintiff. There was nothing that made the rulings, good law in themselves, applicable to any issue before the court. Hall v. Kotowski, 251 Mass. 494, at 496. See Mazmanian v. Kuken, 285 Mass. 516, at 518, 519. The case comes within the class of those cases in which a right decision will be upheld although the reasons given for it are wrong. Freeman v. Robinson, 238 Mass. 449, at 452. Crawford v. Roloson, 254 Mass. 163, at 168. Williams v. Pittsfield Lime & Stone Co., 258 Mass. 65, at 71. Reilly v. Selectman of Blackstone, 266 Mass. 503, at 512. H. K. Webster Co. v. Mann, 269 Mass. 381, at 385. Hamilton Mfg. Co. v. Lowell, 274 Mass. 477, at 487. Malinoski v. D. S. McGrath, Inc., 283 Mass. 1, at 10. Slocum v. Natural Products Co., 292 Mass. 455, at 458. Rathgeher v. Kelly, 299 Mass. 444, at 446. Bridges v. Hart, 302 Mass. 239, at 246. Kelley v. American Sugar Refining Co., 311 Mass. 617, at 620. Bianco v. Lay, Mass Adv. Sh. (1943) 475, at 480.
No prejudicial error appearing, the report is to be dismissed.