Curtin, J.
Plaintiff Quinn Brothers of Essex, Inc. (“Quinn Brothers”) has appealed the summary judgment in favor of defendant Lynnfield Cavalry Christian Church (the “Church”) granted by the trial court on the basis that Quinn Brothers’ notice of contract lien under G.L.c. 254, §1 et seq. was not timely filed.
In 2003, the Church hired defendant R.L. Jeannotte, Inc. (“Jeannotte”) as the general contractor for the renovation of its building in Lynnfield. Jeannotte subcontracted the steel work on the project to Quinn Brothers. The latter did not have a direct contractual relationship with the Church.
Although Quinn Brothers substantially completed its work, Jeannotte refused to pay the $13,153.88 balance owed on the subcontract.[2] On May 31, 2006, Quinn Brothers recorded a notice of contract in the Essex South Registry of Deeds, G.Lc. 254, §4, and served notice on the Church. After recording a statement of account on June 28, 2006, G.L.c. 254, §8, Quinn Brothers filed this action against Jeannotte and its principals to recover payment of the balance owed on the subcontract, and against the Church to perfect and enforce its lien under G.Lc. 254, §5.
The Church moved for summary judgment on the ground that Quinn Brothers had failed to comply with the time provisions of G.L.c. 254, §4, which mandate that a subcontractor’s notice of contract be filed within “ninety days after the last day ... [it] performed or furnished labor or materials.” In support of its motion, the Church submitted the affidavit of Thomas Granger (“Granger”), a member of the Church building committee familiar with the renovation project, who averred that Quinn Brothers had not performed any work on the project after November 1, 2005. Quinn Brothers responded with a counter affidavit by its project manager, Jay Coughlin (“Coughlin”), who stated: “On March 14, 2006,1 was personally on site performing contract work attendant to a ladder which had to be removed from the site to repair a broken weld and reinstalled between the high lower roof and the top roof on the Project.” The work described by Coughlin fell within the 90-day period prior to the May 31, 2006 filing of Quinn Brothers’ notice of contract, and could have rendered that filing timely. Apparently relying on the Granger affidavit, however, the trial court allowed the Church’s summary judgment motion. Quinn Brothers filed this Dist/Mun. Cts. R. A. D. A., Rule 8C, appeal.
Quinn Brothers argues that the allowance of the Church’s summary judgment motion was error because the Coughlin affidavit was sufficient to raise a genuine issue of material fact as to when it had last furnished labor or materials to the *199 Church project. We disagree.
“The standard of review of a grant of summary judgment is whether, viewing the evidence in the light most favorable to the nonmoving party, all material facts have been established and the moving party is entitled to a judgment as a matter of law.” Augat, Inc. v. Liberty Mut. Ins. Co., 410 Mass. 117, 120 (1991), citing Mass. R. Civ., Rule P. 56(c). “The initial burden in a motion for summary judgment rests with the moving party to show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.” Aldrich v. ADD Inc., 437 Mass. 213, 218 n.9 (2002). Once the moving party has met its burden, “the burden shift[s] to the [opponent] to show with admissible evidence the existence of a dispute as to material facts.” Kourouvacilis v. General Motors Corp., 410 Mass. 706, 711 (1991), quoting Godbout v. Cousens, 396 Mass. 254, 261 (1985). “The duty of the trial judge is not to conduct a ‘trial by affidavits’ (or other supporting materials), but to ‘determine whether there is a substantial issue of fact.’” Noyes v. Quincy Mut. Fire Ins. Co., 7 Mass. App. Ct. 723, 726 (1979), quoting Norwood Morris Plan Co. v. McCarthy, 295 Mass. 597, 603 (1936).
Under the Massachusetts mechanic’s lien statute, a subcontractor who
furnishes labor ... [or] material, or both labor and material, or furnishes rental equipment, appliances or tools, under a written contract with a contractor ... may file or record in the registry of deeds for the county or district where such land lies a notice of his contract.... Upon filing or recording a notice ... and giving actual notice to the owner of such filing, the subcontractor shall have a lien upon such real property, land, building, structure or improvement owned by the party who entered into the original contract..., to secure the payment of all labor and material and rental equipment, appliances or tools which he is to furnish or has furnished for the building or structure or other improvement. ... Such person may file or record the notice of contract at any time after execution of the written contract whether or not the date for performance stated in such written contract has passed and whether or not the work under such contract has been performed, but no later than the earliest of: (i) sixty days after filing or recording the notice of substantial completion under section two A; or (ii) ninety days after filing or recording of the notice of termination under section two B; or (iii) ninety days after the last day a person entitled to enforce a lien under section two ... performed or furnished labor or materials or both labor and materials to the project or furnished rental equipment, appliances or tools.
G.L.c. 254, §4.[3] There is no dispute that Quinn Brothers properly recorded both its notice of contract and its G.L.c. 254, §8 statement of account, and notified the Church. As indicated, the dispositive issue in this case is whether Quinn Brothers recorded its notice of contract within 90 days of the last day it performed work on the Church project. A resolution of that issue depends on a determination of whether the work that Quinn Brothers undertook in March of 2006 extended the time for filing the notice of contract. “The general rule is that if additional work is required for the proper performance of a contract even after contractual work is substantially completed, ‘the period for filing the lien will run from the doing of such work ... regardless of the value [thereof] if not so trivial or inconsequential that failure to do it would still leave the contract substantially performed.’” Inter *200 state Elec. Servs. Corp. v. Cummings Props., LLC, 63 Mass. App. Ct. 295, 300 (2005), quoting 56 C.J.S. Mechanics’ Liens §157 (1992). A gratuitous act designed to replace or remedy a defect in the original work that was not contracted for does not extend the time for perfecting the lien. See Mario Pandolf Co. v. Commonwealth, 303 Mass. 251, 257 (1939).
In this case, the Coughlin affidavit does not state that the work done in March was additional work required for the proper completion of the contract. Coughlin states only that “[o]n March 14, 2006,1 was personally on site performing contract work attendant to a ladder which had to be removed from the site to repair a broken weld and reinstalled between the higher lower roof and the top roof on the project.” A fair reading of this language is that a ladder was repaired off-site and reinstalled. There is nothing in Quinn Brothers’ summary judgment materials that identifies this ladder work as within the scope of the contract. Moreover, Quinn Brothers did not substantiate its assertion that it was on-site doing contract work with any business records such as time sheets, payment records, or correspondence. Cf. Ng Bros. Constr., Inc. v. Cranney, 436 Mass. 638, 646 (2002) (business records submitted by def.-homeowners in support of their motion for summary judgment on contractor’s claim to enforce G.L.c. 254 lien). Further, as indicated in the Granger affidavit, the Church was not aware that Quinn Brothers repaired a broken ladder after November, 2005.
Given the record before us, it would appear that the ladder repair and reinstallation by Quinn Brothers in March, 2006 was a gratuitous performance of work for which the Church had not contracted. We conclude that the ladder repair was inconsequential, and that the failure to repair the ladder would still have left the subcontract substantially performed. See Interstate Elec. Servs. Corp., supra at 300. Absent additional evidence, the removal of a ladder from the premises for repair and its reinstallation was not contract work that extended the time for Quinn Brothers to file its notice of contract. Id.
The judgment of the trial court is affirmed.
So ordered.

 Quinn Brothers later received a $4,600.00 payment from the Trustee in possession of Jeannotte.

 For the requirements for a lien by a general contractor pursuant to G.L.c. 254, §2, see Tremont Tower Condo., LLC v. George B.H. Macomber Co., 436 Mass. 677, 680-681 (2002).