MICHAEL G. KESLER *vs.* JAMES F. PRICHARD.

Suffolk. April 10, 1972. — June 14, 1972.

Present: TAURO, C.J., SPIEGEL, REARDON, BRAUCHER, & HENNESSEY, JJ.

*Practice, Civil,* Summary judgment.

A "settlement stipulation," whereby the making of certain payments to one of the parties was guaranteed by another party and the guarantor submitted himself to the jurisdiction of a New Jersey court for the purpose of enforcing such stipulation, was not itself an agreement for judgment or a consent judgment and the guarantor was entitled to notice of an enforcement proceeding in the New Jersey court; and where, in an action in Massachusetts on a judgment entered in the New Jersey court against the guarantor for an amount unpaid under the stipulation, it appeared that, with respect to a motion by the plaintiff for summary judgment under G. L. c. 231, § 59B, the plaintiff's affidavit asserted, but the defendant's affidavit denied, the giving of notice to the defendant of the New Jersey proceeding, a genuine issue of fact was raised and it was error to allow the motion for summary judgment. [134–135]

CONTRACT. Writ in the Superior Court dated June 29, 1970.

A motion for summary judgment by the plaintiff was allowed by *Hudson, J.*

The case was submitted on briefs.
*Philip J. Murphy* for the defendant.
*Francis J. Lawler* for the plaintiff.

HENNESSEY, J. This is an action of contract based on a foreign judgment. The plaintiff's motion for sum-

mary judgment was allowed and the defendant duly ex-
cepted. G. L. c. 231, §§ 59, 59B. The case is before us
on the defendant's bill of exceptions.

We set forth the facts as contained in the affidavits
accompanying the motion for summary judgment. The
plaintiff's affidavit stated that the "instant action pre-
sents no genuine issue of material fact and that there is
no defense to the action, in that the action is in contract
upon a judgment rendered by the Superior Court of New
Jersey which had personal jurisdiction over the . . . [de-
fendant], as evidenced by the certificate of said judg-
ment."

The certificate of judgment which was made a part of
the plaintiff's affidavit recited that a "Settlement Stipu-
lation" was entered into by the parties in October, 1969,
that the stipulation provided that Cybernetic Develop-
ments, Inc., pay to the plaintiff the sum of $37,500 in
instalments of varying amounts and in accordance with
a set payment schedule. The certificate further recited
that certain individuals including the present defendant
"personally guarantee said payments waiving present-
ment notice and notice of dishonor and submitting to the
jurisdiction of the Superior Court of New Jersey for
purposes of enforcement of the said Stipulation and said
individual guarantors having appeared in open court on
October 31, 1969, and having agreed to the terms of said
Stipulation." The certificate further stated that one of
such payments was not made, that the "plaintiff then ac-
celerated the unpaid balance of the settlement amount by
notice and demand served upon the . . . [corporation]
and the individual guarantors, for payment in accord-
ance with the terms of the Stipulation and Order," and
that no payments were forthcoming. Finally, the cer-
tificate stated, "the plaintiff having demanded appropri-
ate relief by notice of motion served upon the . . . [cor-
poration] and the individual guarantors returnable . . .
[May 1, 1970]; and that Plaintiff has appeared by coun-
sel . . . and that no one has appeared for the . . . [cor-
poration] or for the said individual guarantors, who have

submitted to the jurisdiction of the court . . . and it further appearing by the plaintiff's uncontested affidavit of amount due that there is presently due, owing and payable . . . by the said . . . [corporation] and the individual guarantors, jointly and severally, the sum of $10,050, including interest from date of default to date." The judge entered a final judgment for the plaintiff in the amount of $10,050.

The affidavit of defence states, among other things, "that . . . [the defendant] was never served with process in, nor notified of, the New Jersey proceedings prior to the judgment upon which this action is based and that the New Jersey Court had no jurisdiction over the Defendant, who was a resident and citizen of the Commonwealth of Massachusetts at the time that said New Jersey action was commenced and judgment was entered."

We have stated that the purpose of the summary judgment statute, G. L. c. 231, § 59, is to avoid the delay and expense of a trial where there is no genuine issue of fact. *Albre Marble & Tile Co. Inc.* v. *John Bowen Co. Inc.* 338 Mass. 394, 397.    General Laws c. 231, § 59B, makes the procedure applicable when it appears by affidavit that no defence exists to an action of contract where the plaintiff seeks to recover a debt or liquidated amount.

In order to be entitled to summary judgment the moving party must affirmatively show that there is no real issue of fact.    *Hub Associates, Inc.* v. *Goode,* 357 Mass. 449, 451.    *McMahon* v. *M & D Builders, Inc.* 360 Mass. 54, 56–62.    However, "[i]f the affidavit of defence shows a substantial issue of fact, summary judgment should not be ordered even though the affidavit be disbelieved." *Norwood Morris Plan Co.* v. *McCarthy,* 295 Mass. 597, 603–604.

In the present case we are of opinion that summary judgment should not have been entered for the plaintiff since the affidavit of defence reveals the existence of a genuine issue of fact, namely, whether the plaintiff served on the defendant notice of the proceedings giving

rise to the New Jersey judgment.

The plaintiff's affidavit states that the defendant voluntarily submitted to the jurisdiction of the New Jersey court and that notice of the proceedings was served upon the defendant. The plaintiff argues, therefore, that the defendant's denial of receipt of notice is not sufficient to put in issue the question of notice and raises no defence. We disagree.

The stipulation and order executed by the parties on October 31, 1969, was not an agreement for judgment or a consent judgment. It was merely a settlement agreement entered into by the parties. While the defendant did submit to the jurisdiction of the New Jersey court "for purposes of enforcement" he did not waive his right to notice of each new step in the proceeding which might substantially affect his interests. *Griffin* v. *Griffin*, 327 U. S. 220, 229. Restatement: Judgments, § 6, comment f. Restatement 2d: Conflict of Laws, § 25; § 26, comment f; § 32, comment a. That being so, if the plaintiff failed to employ reasonable methods to notify the defendant of the proceedings giving rise to the judgment, a defence would be established since the judgment would not be entitled to full faith and credit when sued upon in another jurisdiction. *Griffin v. Griffin, 327 U.S. 220,* 228–229, and cases cited.

A majority of the court concludes that, contrary to the plaintiff's argument, the affidavit of defence is sufficient to put in issue the question of notice. By its terms the defendant did all that he could reasonably have done to contradict the plaintiff's assertion that notice had in fact been served upon him. At this stage of the proceedings the defendant is only required to contradict the plaintiff's affidavit, not to establish the truth of his position. "If the affidavits on the one side and on the other are directly opposed as to the facts shown, the case must go to trial." *Norwood Morris Plan Co.* v. *McCarthy*, 295 Mass. 597, 604.

*Exceptions sustained.*