Town Bank and Trust Company *vs.* Maurice Silverman.

Middlesex. March 14, 1974. — January 31, 1975.

Present: Hale, C.J., Keville, & Armstrong, JJ.

*Practice, Civil,* Summary judgment. *Set-off. Bank and Banking.*

In a suit in equity seeking payment on a promissory note given by the defendant to the plaintiff bank and on a guaranty by the defendant of certain obligations of a third party, where the defendant's answer essentially admitted liability on the note, no issue of material fact with respect to the note so as to preclude summary judgment was raised by the defendant's counter affidavit asserting that the plaintiff bank had failed to apply assets of the third party on deposit with the bank to satisfy the third party's indebtedness. [30]
A bank's failure to apply a depositor's funds to a debt the depositor owed it did not release the guarantor on the debt, especially where the guarantor had waived any requirement that the bank proceed against the depositor before proceeding against him. [30-32]
Upon appeal from a final decree in a suit in equity, this court would not consider issues not argued by the appellant in his brief. [32]

Bill in equity filed in the Superior Court on March 9, 1973.

The suit was heard by *Good,* J., on the plaintiff's motion for summary judgment.

*Michael M. Bronstein* for the defendant.
*Robert L. Caporale* for the plaintiff.

Armstrong, J. This is a creditor's bill to reach and apply assets of Silverman in satisfaction of his debts to the plaintiff (bank) on a promissory note for $20,000, payable on demand, and on a written contract signed by Silverman in which he agreed to indemnify the bank for, and guarantee to it, payment of all obligations due it in accordance with its letter of credit for $20,000 issued to United States Steel Corporation in favor of Interstate, Inc. (Interstate), of which Silverman was the principal stockholder. The bill

alleged that the note remained unpaid after demand on Silverman and that the bank, having had demand made on it by United States Steel Corporation, had been unable to secure payment from Interstate under the letter of credit or from Silverman under his guaranty.

Silverman's answer admitted the genuineness of his signature on the note, the bank's demand for payment thereof, and his nonpayment. Silverman denied "that he owes any money to the ... [bank] under the terms of the guaranty for the reason that the ... [bank] held funds of Interstate, Inc., in the form of checking accounts and other accounts to which Interstate, Inc. was entitled to credits and that these funds should have been and were required to have been applied by the ... [bank] to any indebtedness owed by Interstate, Inc. to the ... [bank] prior to making any demands against Maurice Silverman ...." Silverman's answer also set forth three counterclaims, which appear to suggest tort actions for, respectively, defamation, malicious prosecution, and tortious interference with a profitable business relationship, all arising out of the bank's attempt to collect the debts which are the subject of this case.

The bank filed a demurrer to the counterclaims. It also filed a motion for immediate entry of final decree under G. L. c. 231, § 59, supported by an affidavit of its counsel that in his belief there was no genuine issue of material fact. Silverman filed a counter affidavit, asserting that at the time the letter of credit was presented to the bank for payment "Interstate, Inc. had goods, effects, and credits deposited with or in the hands of the ... [bank] sufficient to satisfy the amount of the letter of credit, to wit: Twenty Thousand ($20,000.00) Dollars," that the bank "refused to apply said credits on account of the letter of credit," and that Silverman "has substantial suretyship defenses to the claim of the ... [bank] and also has substantial counterclaims against the ... [bank] all as set forth in ... [his] *Answer* and *Counterclaim* ...."

The judge entered an interlocutory decree sustaining the demurrer to the counterclaims and a final decree favorable

to the bank pursuant to the bank's motion for immediate entry thereof. From both decrees the defendant Silverman appealed.

A motion for summary judgment may be allowed when it is shown affirmatively that "no genuine issue of material fact exists and there is nothing to be decided except questions of law, or the form of the decree, or the nature of the relief to be granted . . . ." G. L. c. 231, § 59, as amended through St. 1965, c. 491, § 1. The moving party has the burden of making that showing. *Hub Associates, Inc.* v. *Goode,* 357 Mass. 449, 451 (1970). *McMahon* v. *M. & D. Builders, Inc.* 360 Mass. 54, 56 (1971). *Kesler* v. *Pritchard,* 362 Mass. 132, 134 (1972). "If the affidavit of defence shows a substantial issue of fact, summary judgment should not be ordered even though the affidavit be disbelieved." *Norwood Morris Plan Co.* v. *McCarthy,* 295 Mass. 597, 603-604 (1936).

Silverman contends that it has not been shown in this case that no genuine issue of material fact exists and that his counter affidavit shows the contrary. This contention must be considered with respect to (1) the claim on the promissory note, (2) the claim on the contract of guaranty, and (3) the three tort counterclaims. It will prove to be unnecessary to consider whether, if one of these presented a substantial issue of fact, a summary judgment or decree might nevertheless be entered on the others. See *Massachusetts Cas. Ins. Co.* v. *Landy,* 1 Mass. App. Ct. 35, 37-38 (1973), and G. L. c. 231, § 59, as in effect prior to St. 1973, c. 1114. Cf. Mass. R. Civ. P. 54 (b) and 56, 365 Mass. 821 and 824 (1972); *Emerson Radio & Phonograph Corp.* v. *Hendrix,* 20 F. R. D. 572, 575-576 (S. D. N. Y. 1957); *Curtis Publishing Co.* v. *Church, Rickards & Co. Inc.* 58 F. R. D. 594 (E. D. Pa. 1973); 6 Moore's Federal Practice, par. 56.17[15] (2d ed. 1974).

There is no merit to the defendant's contention as applied to the note. His answer essentially admits liability. Neither his counter affidavit nor his brief in this court suggests any possible issue of fact to be resolved.

With respect to the contract of guaranty, it is Silver-

man's contention that if, as he alleged, the bank had accounts containing funds credited to Interstate at the time that Interstate became liable to the bank under the letter of credit, the bank was required to apply those funds to the payment of Interstate's obligations under the letter of credit, and that its failure to do so discharged Silverman as guarantor. Silverman cites no case or statute whatever in support of that position.

The law is clearly to the contrary. It is true that a bank is generally entitled to apply the balance of an account due the depositor to the satisfaction of a debt due the bank from the depositor. *Forastiere* v. *Springfield Inst. for Sav.* 303 Mass. 101, 103 (1939), and cases cited. The funds on general deposit are the property of the bank, not the depositor, and the relation of the bank to the depositor is merely that of debtor to creditor. The power of the bank to apply the balance in the account in satisfaction of the debt is "in the nature of a set-off, or of an application of payments, neither of which, in the absence of express agreement or appropriation, will be required by the law to be made as to benefit the . . . [guarantor]." *National Mahaiwe Bank* v. *Peck,* 127 Mass. 298, 301 (1879). *Furber* v. *Dane,* 203 Mass. 108, 117-118 (1909). See *Glazier* v. *Douglass,* 32 Conn. 393 (1865). "[I]f the bank, instead of . . . applying the balance [in a deposit account to an independent debt of the depositor], sees fit to allow him to draw it out, neither the depositor nor any other person can afterwards insist that it should have been so applied." *National Mahaiwe Bank* v. *Peck, supra,* at 301. Nor is a guarantor entitled in his own right to claim a set-off which might be available to the principal debtor in an action brought by the creditor against the debtor. *St. Louis Perpetual Life Ins. Co.* v. *Homer,* 9 Met. 39, 41-42 (1845). *Graham* v. *Middleby,* 213 Mass. 437, 442-443 (1913). Cf. *Baker* v. *Briggs,* 8 Pick. 121, 128-129 (1829), as to the guarantor's right by subrogation to apply property of the principal debtor held by the creditor as security for payment of the debt. There is no suggestion in the answer or in the counter affidavit in the present case that the "goods, effects and

credits" referred to were pledged by Interstate as security for the debt guaranteed by Silverman. And in any event the contract of guaranty provides that Silverman "hereby waives any and all legal requirements that the [b]ank ... shall institute any action or proceedings at law or in equity against Interstate or anyone else or exhaust remedies against Interstate or anyone else in respect of said letter of credit or in respect of any other security held by the [b]ank as a condition precedent to bringing an action against him upon this ... [guaranty]." Neither the counter affidavit nor Silverman's brief suggests any other possible material fact which is at issue concerning the guaranty.

Silverman has not briefed and has therefore waived any contention that there may have been error in the sustaining of the demurrer to the counterclaims or in the entry of that portion of the final decree which dismissed the counterclaims with prejudice. Rule 1:13 of the Appeals Court, 1 Mass. App. Ct. 889 (1972). The counterclaims are therefore no part of the case as it comes before this court. For this reason we need not decide whether they were proper counterclaims under Rule 32 of the Superior Court (1954),[1] or, if proper, whether they raised issues of material fact which would have barred summary judgment.

The interlocutory decree and the final decree are affirmed.

*So ordered.*

---

[1] "The answer ... must set up any counterclaim ... arising out of the transaction which is the subject matter of the suit, which might be the subject of an independent suit in equity. The answer *may* set up (a) any counterclaim of a *legal* nature, against any one or more of the parties, *arising out of such transaction,* or (b) any counterclaim against the plaintiff alone, *not arising out of such transaction,* which might be the subject of an independent suit in *equity*" (emphasis supplied).