ARTHUR L. BOWEN *vs.* DENNIS C. STACKHOUSE & another. August 6, 1980. The defendants, Dennis C. Stackhouse and his wife, Lynda, have appealed from a judgment against Dennis in the amount of $30,000 individually and as trustee of Essexwood Realty Trust (Essexwood), and against Dennis and Lynda adjudging a conveyance of real estate by Dennis to himself and Lynda as tenants by the entirety to be fraudulent as against the rights of the plaintiff. There was no error.

1. Judgment was entered for the plaintiff on a motion for summary judgment against Dennis, as trustee of Essexwood. Dennis has not argued

in opposition to that part of the judgment entered against him. However, he quarrels with that portion of the judgment that holds that he fraudulently conveyed real estate. Dennis was in default on two promissory notes dated December 17, 1976, payable on or before September 17, 1977, executed by him as trustee and guaranteed by him individually. The payee was the plaintiff. The complaint, which was verified, alleged that Dennis conveyed certain real estate to himself and Lynda after the notes were due but unpaid, leaving himself with insufficient assets to honor or permit collection of the notes. In his counter affidavit, Dennis conclusorily denies that he made a fraudulent conveyance. He adds to his naked denial a statement to the effect that Lynda had contributed substantial sums to the support of the "home and the family." These asseverations fall woefully short of meeting the obligation of "setting forth specific facts showing that there was a genuine issue for trial." *O'Brion, Russell & Co.* v. *LeMay,* 370 Mass. 243, 245 (1976). Nolan, Civil Practice § 421 (1975). Accordingly, judgment was correctly entered on the plaintiff's motion for summary judgment.

2. The issue of the personal liability of Dennis was tried to a master, whose report was adopted. The master found that Dennis had guaranteed the payment of the two promissory notes which he had signed as trustee. After default, Dennis resigned as trustee of Essexwood. However, he remained liable on the notes. He will not be heard to complain that the plaintiff should look to the mortgages for satisfaction before proceeding against him. See *Town Bank & Trust Co.* v. *Silverman,* 3 Mass. App. Ct. 28, 31-32 (1975). Nor is there any merit to the argument that the agreement made between his successor trustee and representatives of the plaintiff should exculpate him. The agreement expressly provides that "nothing herein contained or contemplated shall in any way be construed as a waiver of any rights such Holders may have against any individual guarantor of said promissory notes."

*Judgment affirmed.*

*Carroll E. Ayers (John E. Sutherland* with him) for the plaintiff.
*Joel Lewin,* for the defendants, submitted a brief.