Merrigan, J.
Admar of New Jersey, Inc. (Admar), the plaintiff, appeals from the denial of its motion for summary judgment and entry by the tried judge of summary judgment in favor of Torus Matellian (Matellian), the defendant.
Admar filed suit in the Milford District Court seeking to enforce the judgment that Admar had obtained in the New Jersey Superior Court against Matellian.
The record before the trial judge at the hearing on Admar’s motion for summary judgment consisted of Admar’s complaint, Matellian’s answer, and Admar’s motion for summary judgment accompanied by an affidavit of a New Jersey attorney with Matellian’s credit application and approval by Admar attached to it. Matel-lian did not file or present any counter affidavit to the motion judge.[1]
Our review of the trial judge’s action in denying Admar’s motion for summary judgment and in entering summary judgment in favor of Matellian presents two issues for discussion. The first issue is whether the New Jersey court had jurisdiction to enter judgment against Matellian. The record before the trial judge discloses that Matellian in his answer stated that “the defendant... never submitted to the jurisdiction of the New Jersey Court” The affidavit of New Jersey counsel, however, recites that Matellian, a resident of Massachusetts, went to New Jersey and that he signed a credit application in New Jersey and received funds, advanced as a loan, in New Jersey. Counsel further stated in his affidavit that service of the summons and complaint was made upon Matellian at the address on the credit application by regular and certified mail. The regular mail did not return and the certified receipt was returned “with a signature on the signature line.” Counsel represented that service was accomplished in accordance with New Jersey Rules of Court.
In his memorandum (Findings of Fact and Rulings of Law on Motion for Summary Judgment), the trial judge focused on the absence of a counter affidavit by Matellian. The judge concluded that if the sole issue raised was service on Matel-lian, that absent affidavits by Matellian controverting Admar’s affidavit on the issue of service of the summons or jurisdiction over Matellian as set forth in the affidavit of New Jersey counsel, he would rule in favor of Admar.[2]
On appeal, Matellian argues that the New Jersey court did not have jurisdiction *80 over him. To support this argument, Matellian relies upon Kesler v. Prichard, 362 Mass. 132 (1972). However, this case does not support Matellian’s position here because in that case the defendant filed a counter affidavit specifically raising a material factual issue, e.g. “... summary judgment should not have been entered for the plaintiff since the affidavit of defense reveals the existence of a genuine issue of fact, namely, whether the plaintiff served on the defendant notice of the proceedings giving rise to the New Jersey judgment.” Id. at 134. Because the trial court ruled in favor of Admar (the appellant) on this issue but ruled in favor of Matellian (the appellee) in granting summary judgment, the record presents no dispute for us to review.
The second issue is whether the Full Faith and Credit provision of the United States Constitution required the trial judge to enforce the New Jersey judgment. In concluding that judgment should enter against Admar, the trial judge took note of the undisputed fact that the debt arose out of gambling activity in the State of New Jersey. He ruled that,
[tjhe [cjourts of the Commonwealth consider the fact that the type of debts in these cases are considered so offensive to the public policy of the forum State of Massachusetts under the statutory provisions of Massachusetts General Laws c. 137, §3, that Massachusetts will refuse to enforce a gambling debt notwithstanding its validity in the State of New Jersey where it was incurred.[3]
The Full Faith and Credit provision of the United States Constitution (Art. IV, §1) requires that we reverse the entry of summary judgment against Admar. The United States Supreme Court and the Supreme Judicial Court leave certain the proper regard to be given bona fide judgments of other states. Absent Matellian’s successful challenge to subject matter and personal jurisdiction, there is no Constitutional basis by which a Massachusetts court can go behind a judgment rendered in the court of another state upon a cause of action valid in the originating state. Early on, Chief Justice John Marshall, in Hampton v. McConnel, 3 Wheat 234 (1818), addressed this important feature of the federal relationship between the states. In his opinion, Chief Justice Marshall wrote, '
that the judgment of a state court should have the same credit, validity, and effect in every other court in the United States, which it had in the state where it was pronounced, and that whatever pleas would be good to a suit thereon in such State, and none others, could be pleaded in any other court of the United States.
Citing Connecticut National Bank of Hartford v. Kommit, 31 Mass. App. Ct. 348 (1991), the trial judge ruled that “Massachusetts will refuse to enforce a gambling debt notwithstanding its validity in the State of New Jersey where it was incurred.” This result was mandated, in the judge’s view, because gambling debts are repugnant to the public policy of Massachusetts.
However, this case is different from Kommit in at least one important respect. Involved here is a suit on the New Jersey judgment in the courts of the Common *81 wealth against a Massachusetts resident. In contrast, Kommit involved a suit commenced In the courts of the Commonwealth to collect on a debt incurred by the defendant ‘Technically a cause of action on a judgment is not the same as the original cause of action which was merged in the judgment.” McDade v. Moynihan, 330 Mass. 437, 443 (1953). Moreover, the policy considerations expressed in c. 137, §3 do not entitle the courts of Massachusetts, on that basis, to refuse enforcement of the New Jersey judgment. General Laws c. 137, §3
... does not empower the courts of this Commonwealth, because of our policy, to refuse full faith and credit according to the Constitution of the United States to the judgments of other states which are valid under the laws of those states. It is not uncommon for a judgment to be rendered in one state on grounds or in a manner which would be rejected in another state. The Constitution of the United States can not be trimmed to suit the differing views of policy entertained in differing states. Id. at 442.
We conclude hat it was error to enter judgment in favor of Matellian. We likewise conclude that on the record before the district court, Admar was entitled to summary judgment. Accordingly, judgment in favor of Matellian is reversed and judgment is to enter in favor of Admar.

At oral argument, Matellian’s counsel referred to his written opposition to the motion for summary judgment. The Court brought to counsel’s attention that it was not then part of the record. Counsel has not otherwise made it a part of the record before us. In any event, counsel concedes that it did not constitute a written affidavit in opposition to the summary judgment motion.

In appellant’s statement of the proceeding pursuant to Rule 8(C)(e) as approved by the trial judge, it states, ‘The court ruled that service on the defendant was proper in the State of New Jersey, and that there was proper subject matter jurisdiction, as well as personal jurisdiction.

G.L.c. 137, §3 reads: “Notes, bills, bonds, mortgages or other securities or conveyances the whole or part of the consideration of which is money or goods won by gaming or playing at cards, dice or any other game, or my betting on the sides or hands of persons gaming, or for repaying or reimbursing money knowingly lent or advanced for gaming or betting, or lent and advanced at the time and place of such gaming or betting to a person so gaming or betting, shall be void as between the parties thereto, and as to all persons except such as hold or claim under them in good faith and without notice of the illegality of the consideration.”