van Gestel, Allan, J.
This matter is before the Court on Defendant Metropolitan Antiques, LLC’s Motion for Summary Judgment, Paper #28.
BACKGROUND
Metropolitan Antiques, LLC (“Metro”), is a defendant in this class action (the “class action”) brought by Evan Fray-Witzer and Beardsley Ruml (the “Class Representatives”).
The class action charges Metro with violations of the Telephone Consumer Protection Act (“TCPA”), 47 U.S.C. Sec. 227. In essence, Metro is claimed to have purchased lists of bulk facsimile numbers from two marketing entities, which allegedly targeted new potential clients in Massachusetts who Metro believed might be interested in estate auctions. Thereafter, Metro, through an agent, began sending unsolicited facsimile advertisements into Massachusetts in the fall of 2001, and continued doing so through March of 2003.
The Class Representatives contend that Metro’s transmission of these unsolicited advertisements caused them, and the members of the class they represent, to incur the loss of paper, ink and toner, and interfered with the operation of their facsimile machines. There is no allegation that the text or contents of the unsolicited facsimile advertisements caused any harm.
Metro argues that during the time period in issue the offending facsimiles, although issued by it, were in fact sent into Massachusetts from facsimile facilities located in Canada. The facilities in Canada are said to be those of a Canadian company called Protus IP Solutions (“Protus”). Protus is said to have been engaged to perform the taxings by Metro’s California agent, Abdul Syed.
The Class Representatives argue that, while Protus is a Canadian company, there is no evidence that it necessarily used a facsimile machine in Canada, as opposed to a machine in the United States. Further, the Class Representatives argue that many of the unwanted facsimiles were actually sent by a company called Village Fax in Tustin, California.
DISCUSSION
“Summaiy judgment is appropriate when, viewing the evidence in the light most favorable to the nonmoving party, all material facts have been established and the moving party is entitled to judgment as a matter of law.” M.P.M. Builders, LLC v. Dwyer, 442 Mass. 87, 89 (2004); Kesler v. Pritchard, 362 Mass. 132, 134 (1972). Mass.R.Civ.P. Rule 56(c).
Here the factual issues regarding where the facsimiles originated could be seen as material, if Metro’s contentions are correct, and, therefore, be sufficient to prevent summaiy judgment. Because, however, this Court disagrees with Metro’s legal interpretation in any event, its motion cannot succeed.
Metro argues that the version of the TCPA in effect prior to a January 2004 amendment contained a “loophole” that permitted unsolicited facsimiles to be sent from outside the United States without being in violation of the statute. Metro points to the following language from the TCPA, 47 U.S.C. Sec. 227(b)(1) (in 2002), before amendment in 2004:
It shall be unlawful for any person within the United States—
(C) to use any telephone facsimile machine, computer, or other device to send an unsolicited advertisement to a telephone facsimile machine . . .
Metro then points to the amendment, effective January 1, 2004, that reads:
It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—
(C) to use any telephone facsimile machine, computer, or other device to send an unsolicited advertisement to a telephone facsimile machine . . .
From this comparison of the TCPA before and after the amendment Metro argues in favor of the “loophole” permitting it, because it used a Canadian company’s facsimile machine, to avoid violation of the statute at all times prior to January 1, 2004.
As noted above, this Court disagrees. It is not where the facsimile machine is located that counts. Rather, what matters it is where the “person” is located who uses a telephone facsimile machine to send unwanted advertising to a recipient in the United States. The TCPA prohibits the actions of persons, not of machines. And Metro is a person under the law which, *684 through its agent, caused the-junk facsimiles to be transmitted.
The Federal Communications Commission (“FCC”) took the same position in a proceeding before it in 2002. See In the Matter of 21st Century Fax(es) Ltd., 17 FCC Red 1384, 2002 FCC LEXIS 163 (Jan. 9,2002). There the FCC said:
We believe that this statutory language [the pre2004 language] covers faxes sent to the United States from foreign points so long as the company has a presence within the United States. In this regard, the phrase “within the United States” modifies “any person” and thus specifies the location of the “person” that engages in the prohibited faxing rather than the originating and terminating points of the faxes themselves ... Congress focused on the violator having a presence in the United States such that state courts would have personal jurisdiction ... Moreover, the term “person” in Section 227(b)(1) includes the individual who actually performs the faxing as well as the corporate entity on whose behalf he or she is acting.
See also National Education Acceptance, Inc. v. Expiry Corporation, 2002 TCPA Rep. 1096 (Mo.Cir.Ct., Dec. 19, 2003) (junk faxes sent to Missouri consumers via Canadian fax broadcaster said to have sufficient contacts with Missouri to permit jurisdiction).
ORDER
For the foregoing reasons, the Defendant Metropolitan Antiques, LLC’s Motion for Summary Judgment, Paper #28, is DENIED.